## THE PEOPLE vs. SHERMAN.

A *stage driver*, entrusted by his employers to carry money from one place to another, is a *servant*, who has obtained possession of property *by virtue of his employment*, within the meaning of the act making *embezzlement* of property punishable as for felonious stealing.

EMBEZZLEMENT of goods by servant.  The defendant was indicted at the Ontario general sessions for embezzling a packet of bank bills, entrusted to him as a stage driver by his employers, to be carried from the village of Lyons to the village of Geneva, and to be deposited in the bank at the latter place.  The employment of the defendant as a stage driver, the delivery of the bills to him and his absconding with the money, were proved.  It was also proved that the stage owners carried packets of bank bills for reward, and that the defendant had on a previous occasion carried a packet which he safely deposited.  His counsel objected that he could not be considered the *clerk* or *servant* of his employers, and that the bills did not come into his possession or under his care *by virtue of his employment* or office, within the meaning of the statute.  The court overruled the objection, and an exception being tendered to the decision of the court, and a certificate staying judgment obtained, the district attorney sued out a *certiorari* removing the proceedings into this court.

*J. C. Spencer*, for the defendant.  The defendant did not receive the money by virtue of his employment; he was employed as a stage driver, and not as the carrier of money, and received no additional compensation in the latter character. He was not the *servant* of the stage owners to carry money, for if so, they would be liable for money sent by him without their knowledge.  The policy of the law was to protect bank-

ers and merchants against frauds by their clerks, agents or others, entrusted with valuables in the ordinary course of their business. If the stage driver is held liable, then a porter or a menial servant is equally within the meaning of the act. The language of our statute, 2 *R. S.* 678, § 59, is different from the *English* act on this subject. 2 *East. C. L.* 560.

*W. H. Seward*, for the people. The defendant came to the possession of the money by virtue of his employment; it was in consequence of his employment as a stage driver that he was entrusted with it. The carrying of money was part of the business of the stage owners, and the defendant had on a previous occasion carried money for them. The difference in the phraseology of our act from the English, arises from our statute having embodied the decisions under the English act, which held that it must be shewn that the party charged had come to the possession of the property by virtue of his employment. Any one is a servant, within the meaning of the act, who is entrusted with money in consequence of his employment; thus a *traveller*, one who collects money for mercantile houses, is held to be embraced by it. *Archb. Cr. Pl.* 119, 121, 170. 3 *Starkie*, 70. On the other hand, a menial, or one held in subordination, is not liable under this act.

*By the Court*, SUTHERLAND, J. The defendant was properly convicted under the count for embezzlement. The provision of the revised statutes, under which the count was framed, is sufficiently comprehensive to embrace this case. 2 *R. S.* 678, § 59. The defendant was the servant of Sprague & Demmon, and the money which he embezzled came into his possession, or under his care, *by virtue of his employment as such servant*, within the meaning of the act. He drove the stage of Sprague & Demmon from Lyons to Geneva, and Sprague & Demmon contracted with the collector of canal tolls at Lyons to send the tolls collected by him weekly to Geneva, and deposite them in the bank at that place, to the credit of the treasurer, for which they were to be paid 50 cents per package. A package had once before this been sent by the defendant, and it is to be inferred, though the fact is

NEW-YORK, not expressly stated, that other drivers of Sprague & Dem-
May, 1833. mon had been in the habit of taking them.

The care and custody of packages of every description are a part of the ordinary duty of servants of this description, although it is not their principal business; and it appears to me that it would defeat one very important object of the act to restrict its application to clerks or servants, whose principal or ordinary employment was the receiving and taking care of the money, goods, &c. of their employers. Neither the language nor spirit of the act require this restricted construction.

Motion for new trial denied.