## MOORE *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.

No. 719. Submitted November 20, 1895.—Decided December 23, 1895.

A count in an indictment which charges that the accused, " being then and there an assistant, clerk, or employé in or connected with the business or operations of the United States post office in the city of Mobile, in the State of Alabama, did embezzle the sum of sixteen hundred and fifty-two and $\frac{59}{100}$ dollars, money of the United States, of the value of sixteen hundred and fifty-two and $\frac{59}{100}$ dollars, the said money being the personal property of the United States," is defective in that it does not further allege that such sum came into his possession in that capacity.

The count having been demurred to, and the demurrer having been over-ruled, the objection to it is not covered by Rev. Stat. § 1025, and is not cured by verdict.

Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted, or into whose hands it has lawfully come; and it differs from larceny in the fact that the original taking of the property was lawful, or with the consent of the owner, while, in larceny, the felonious intent must have existed at the time of the taking.

Plaintiff in error, late assistant postmaster of the city of Mobile, was indicted and convicted of embezzling certain moneys of the United States to the amount of $1652.59.

There were four counts in the indictment, to one of which a demurrer was sustained, and upon two others defendant was acquitted. The fourth count, upon which he was convicted, charged that " the said George S. Moore, being then and there an assistant, clerk, or employé in or connected with the busi-

ness or operations of the United States post office in the city of Mobile, in the State of Alabama, did embezzle the sum of sixteen hundred and fifty-two and $\frac{59}{100}$ dollars ($1652.59), money of the United States, of the value of sixteen hundred and fifty-two and $\frac{59}{100}$ dollars ($1652.59), the said money being the personal property of the United States."

Moore, having been sentenced to imprisonment at hard labor, sued out this writ of error.

*Mr. M. D. Wickersham* and *Mr. W. H. McIntosh* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Defendant was indicted under the first section of the act of March 3, 1875, "to punish certain larcenies, and the receivers of stolen goods," 18 Stat. 479, which enacts "that any person who shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be deemed guilty of felony," etc.

The principal assignment of error is to the action of the court in overruling a demurrer to the fourth count of the indictment, which charges, in the words of the statute, that "the said George S. Moore, being then and there an assistant, clerk, or employé in or connected with the business or operations of the United States post office in the city of Mobile, in the State of Alabama, did embezzle the sum of . . . money of the United States, of the value of . . . the said money being the personal property of the United States."

Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful,

'or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking.

It is objected to the indictment in this case that there is no direct allegation that defendant was an assistant, clerk, or employé in or connected with the business or operations of the post office at Mobile; that the money of the United States is not identified or described, and that there is no allegation that it came into the possession of the defendant by virtue of his employment.

The act in question has never been interpreted by this court, nor has our attention been called to any case where it has received a construction in this particular, except that of *McCann* v. *United States*, 2 Wyoming, 274, decided in the territorial Supreme Court of Wyoming, in which the allegation was that "McCann, . . . at and within the district aforesaid, twenty thousand pounds of sugar . . . of the goods, chattels, and property of the United States of America, then and there being found, then and there feloniously and fraudulently did embezzle, steal, and purloin," etc. This allegation was held to be defective in charging a mere legal conclusion, "leaving it impossible to determine whether the offence was committed, and the conclusion correct." It was said that the indictment for this offence must set forth the actual fiduciary relation and its breach; that the indictment did not identify the offence on the record; and did not secure the accused in his right to plead a former acquittal or conviction to a second prosecution for the offence. It was held that the words "to embezzle" were equivalent to the words "to commit embezzlement," and that a count in the words of the statute was not sufficient; that "all the ingredients of fact that are elemental to the definition must be alleged, so as to bring the defendant precisely and clearly within the statute; if that can be done by simply following the words of the statute, that will do; if not, other allegations must be used." The general principle here alluded to has been applied by this court in several cases. *United States* v. *Carll*, 105 U. S. 611; *United States* v. *Cook*, 17 Wall. 168; *United States* v. *Cruikshank*, 92 U. S. 542.

In the case of *United States* v. *Northway*, 120 U. S. 327,

the word "embezzle" was recognized as having a settled technical meaning of its own, like the words "steal, take, and carry away," as used to define the offence of larceny. In this case the allegation was that the defendant "as such president and agent" (of a national bank) "then and there had and received in and into his possession certain of moneys and funds of said banking association . . . and then and there being in possession of the said" defendant "as such president and agent aforesaid, he, the said" defendant, "then and there . . . wrongly, unlawfully, and with intent to injure and defraud said banking association, did embezzle and convert to his . . . own use." In respect to this it was said to be quite clear that the allegation was sufficient, as it distinctly alleged that the moneys and funds charged to have been embezzled were at the time in the possession of the defendant as president and agent. "This necessarily means," said the court, "that they had come into his possession in his official character, so that he held them in trust for the use and benefit of the association. In respect to those funds, the charge against him is that he embezzled them by converting them to his own use. This we think fully and accurately describes the offence of embezzlement under the act by an officer and agent of the association."

In the case of *Claassen v. United States*, 142 U. S. 140, an allegation similar in substance and effect was also held to be sufficient. The indictment, said the court, "avers that the defendant was president of a national banking association; that by virtue of his office he received and took into his possession certain bonds, (fully described,) the property of the association; and that, with intent to injure and defraud the association, he embezzled the bonds and converted them to his own use. On principle and precedent, no further averment was requisite to a complete and sufficient description of the crime charged."

The cases reported from the English courts, and from the courts of the several States, have usually arisen under statutes limiting the offence to certain officers, clerks, agents, or servants of individuals or corporations, and the rulings that the

agency or fiduciary relation must be averred, as well as the fact that the money embezzled had come into the possession of the prisoner in that capacity, are not wholly applicable to a statute which extends to every person, regardless of his employment, or of the fact that the money had come into his possession by virtue of any office or fiduciary relation he happened to occupy. These cases undoubtedly hold, with great uniformity, that the relationship must be averred in the exact terms of the statute; that the property embezzled must be identified with great particularity; and that it must also be averred to have come into the possession of the prisoner by virtue of his fiduciary relation to the owner of the property.

Thus in *Commonwealth* v. *Smart*, 6 Gray, 15, it was held that an indictment which averred that the defendant "was entrusted" by the owner "with certain property, the same being the subject of larceny," (describing it,) "and to deliver the same to" the owner "on demand," and afterwards "refused to deliver said property to said" owner, "and feloniously did embezzle and fraudulently convert to his own use, the same then and there being demanded of him by said" owner, was fatally defective, by reason of omitting to state the purpose for which the defendant was entrusted with the property, or what property he fraudulently converted to his own use. So in *People* v. *Allen*, 5 Denio, 76, under a statute limiting the offence to *clerks* and *servants*, it was held that a count charging the defendant with having collected and received certain money as the *agent* of an individual was defective.

On the other hand, in *Lowenthal* v. *State*, 32 Alabama, 589, an indictment charging in the form prescribed by the code that the defendant, being agent or clerk of another, "embezzled, or fraudulently converted to his own use, money to about the amount of eighteen hundred dollars ($1800) . . . which came into his possession by virtue of his employment," was sufficient. See also *People* v. *Tomlinson*, 66 California, 344; *Commonwealth* v. *Hussey*, 111 Mass. 432. It was held, however, in *State* v. *Stimson*, 4 Zabr. (24 N. J. Law) 9, that it was not sufficient to describe the offence in the words of the statute, and that there should be some description either

of the number or denomination of the coins and of the notes, and also an averment of the value of the notes.

Indeed, the rulings in this class of cases became in some instances so strict, that statutes were passed in several of the States defining what should be necessary and sufficient in indictments for embezzlement. Thus, in the criminal code of Illinois, it is declared to be sufficient to allege, generally, in the indictment, an embezzlement, fraudulent conversion or taking, with intent to embezzle and convert funds of any person, bank, corporation, company, or copartnership, to a certain value or amount, without specifying any particulars of such embezzlement. Under this statute, it was held proper for the court to permit all the evidence of what the defendant did by reason of his confidential relations with the banking firm whose clerk he was, to go to the jury, and if the jury found, from the whole evidence, any funds or credits for money had been embezzled or fraudulently converted to his own use by defendant, it was sufficient to maintain the charge of embezzlement. "The view taken by the defence," said the court, "of this statute is too narrow and technical to be adopted. It has a broader meaning, and when correctly read, it will embrace all wrongful conduct by confidential clerks, agents, or servants, and leave no opportunity for escape from just punishment on mere technical objections not affecting the guilt or innocence of the party accused." *Ker* v. *People,* 110 Illinois, 627, 647.

The ordinary form of an indictment for larceny is that J. S., late of, etc., at, etc., in the county aforesaid, (specifying the property,) of the goods and chattels of one J. N. "feloniously did steal, take, and carry away." In other words, the whole gist of the indictment lies in the allegation that the defendant stole, took, and carried away specified goods belonging to the person named. The indictment under consideration is founded upon a statute to punish larcenies of government property. It applies to "any person," and uses the words "embezzle, steal, or purloin" in the same connection, and as applicable to the same persons and to the same property. There can be no doubt that a count charging the prisoner

with stealing or purloining certain described goods, the property of the United States, would be sufficient, without further specification of the offence; but whether an indictment charging in such general terms that the prisoner "embezzled" the property of the government, (identifying it,) would be sufficient, we do not undertake to determine; although we think the rules of good pleading would suggest, even if they did not absolutely require, that the indictment should set forth the manner or capacity in which the defendant became possessed of the property.

For another reason, however, we think the indictment in this case is insufficient. If the words charging the defendant with being an employé of the post office be material, then it is clear, under the cases above cited, that it should be averred that the money embezzled came into his possession by virtue of such employment. Unless this be so, the allegation of employment is meaningless and might even be misleading, since the defendant might be held for property received in a wholly different capacity — such, for instance, as a simple bailee of the government. In the absence of a statutory regulation the authorities upon this subject are practically uniform. Wharton's Crim. Law, § 1942; *Rex* v. *Snowley*, 4 Car. & P. 390; *Commonwealth* v. *Simpson*, 9 Met. 138; *People* v. *Sherman*, 10 Wend. 298; *Rex* v. *Prince*, 2 Car. & P. 517; *Rex* v. *Thorley*, 1 Mood. C. C. 343; *Rex* v. *Bakewell*, Russ. & Ry. 35.

On the other hand, if these words be rejected as surplusage and mere *descriptio personæ*, then the property embezzled should be identified with particularity, the general rule in the absence of a statute being that an averment of the embezzlement of a certain amount in dollars and cents is insufficient. *Rex* v. *Furneaux*, Russ. & Ry. 335; *Rex* v. *Flower*, 5 B. & C. 736; *Commonwealth* v. *Sawtelle*, 11 Cush. 142; *People* v. *Bogart*, 36 California, 245; *People* v. *Cox*, 40 California, 275; *Barton* v. *State*, 29 Arkansas, 68; *State* v. *Thompson*, 42 Arkansas, 517; *State* v. *Ward*, 48 Arkansas, 36.

There are undoubtedly cases which hold that, where the crime consists, not in the embezzlement of a single definite quantity of coin or bills, but in a failure to account for a num-

ber of small sums received — a series of petty and continuous peculations — where it would be manifestly impossible, probably for the defendant himself, but much more for the prosecution, to tell of what the money embezzled consisted, an allegation of a particular amount is sufficient. These cases, however, are confined to public officers, or to the officers of corporations, and where the embezzlement consists of a single amount of property, the general rule above stated still holds good. The leading case upon this point is that of *People* v. *McKinney*, 10 Michigan, 54, 89. In this case the treasurer of the State of Michigan was charged with the embezzlement of four thousand dollars belonging to the State. It was held that, as the treasurer had by law the entire custody and management of the public money, with authority to receive such descriptions of funds as he chose, the public could exercise no control or constant supervision over him, and that it would be wholly impracticable to trace or identify the particular pieces of money or bills received by him, and hence, that the allegation of a certain amount was sufficient. This case has been followed by several others, and may be said to apply to all instances where it would be impracticable to set forth or identify the particular character of the property embezzled. *State* v. *Munch*, 22 Minnesota, 67; *State* v. *Ring*, 29 Minnesota, 78; *State* v. *Smith*, 13 Kansas, 274, 294; *State* v. *Carrick*, 16 Nevada, 120; *United States* v. *Bornemann*, 36 Fed. Rep. 257. In some jurisdictions, however, notably in England, California, Louisiana, and Massachusetts, the difficulty has been entirely remedied by statute. Greaves' Crim. Law, 156; *Rex* v. *Grove*, 1 Moody Cr. Cas. 447; *Commonwealth* v. *Butterick*, 100 Mass. 1; *Commonwealth* v. *Bennett*, 118 Mass. 443; *People* v. *Treadwell*, 69 California, 226; *State* v. *Thompson*, 32 La. Ann. 796.

If, then, the indictment in this case had charged that the defendant, being then and there assistant, clerk, or employé in or connected with the business or operations of the United States post office in the city of Mobile, embezzled the sum stated, and had further alleged that such sum came into his possession in that capacity, we should have held the indict-

ment sufficient, notwithstanding the general description of the property embezzled as consisting of so many dollars and cents. But, if the words charging him with being in the employ of the government be stricken out, then there would be nothing left to show why the property embezzled could not be identified with particularity, and the general rule above cited would apply. The indictment would then reduce itself to a simple allegation that the said George S. Moore, at a certain time and place, did embezzle the sum of $1652.59, money of the United States, of the value, etc., said money being the personal property of the United States, which generality of description would be clearly bad. As there was a demurrer to this count, which was overruled, we do not think the objection is covered by Rev. Stat. § 1025, or cured by the verdict.

As we hold the indictment in this case to be bad, we find it unnecessary to consider the other errors assigned.

The judgment of the court below is, therefore,

*Reversed, and the case remanded with directions to quash the indictment.*