# UNITED STATES v. JOHNSON.

CRIMINAL LAW; PERJURY; CRIMINAL PROCEDURE; VERDICT, DEFECTS CURED BY; INDICTMENT; CIVIL SERVICE.

1. Making and swearing to an application to the United States Civil Service Commission for examination for appointment in the civil service, containing wilfully false statements, is indictable under U. S. Rev. Stat. sec. 5479 (U. S. Comp. Stat. 1901, p. 3696). (Following *Johnson* v. *United States, ante,* p. 128.)

2. A charge in an indictment must be made directly, and not inferentially or by way of recital, and the indictment must be free from all ambiguity. (Following *Tyner* v. *United States,* 23 App. D. C. 324.)

3. Where an indictment under section 5479, U. S. Rev. Stat. for falsely making and forging an application to the United States Civil Service Commission for examination for employment in the civil service, charged the accused, by implication only, with making a false answer to a question in the application, a motion by the accused in arrest of judgment is properly granted, even though it may be said that the effect of the charge in the indictment is sufficiently clear to be unmistakable to the ordinary intelligence; and such a defect is not cured by verdict, where a demurrer to the count containing it was overruled.

No. 1542. Submitted October 4, 1905. Decided November 8, 1905.

HEARING on an appeal by the United States from an order of the Supreme Court of the District of Columbia sustaining a motion to arrest a judgment upon a verdict in a prosecution for the alleged violation of section 5479, U. S. Rev. Stat.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. S. Easby-Smith,* Special Assistant United States Attorney for the District of Columbia, for the appellant.

*Mr. D. W. Baker, Mr. M. F. Mangan,* and *Mr. F. J. Hogan*
for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This appeal is taken by the United States from an order of
the supreme court of the District of Columbia sustaining a mo-
tion to arrest a judgment on a verdict rendered in the above-
entitled cause.

The record discloses that the appellee, Stephen U. G. Johnson,
was indicted and tried for an alleged violation of section 5479
of the Revised Statutes of the United States (U. S. Comp. Stat.
1901, p. 3696). The indictment contained two counts, the first
of which is alone to be considered, for the reason that a verdict
of not guilty was found as to the first count.

A demurrer to the indictment was filed before issue joined
and overruled.

In passing, it may be noted that at the same term of the court
at which the indictment now before us was found, another in-
dictment against Johnson was found for perjury in the execu-
tion of the affidavit, the forgery of which is the basis for the
indictment now under examination. The trial of that indict-
ment resulted in Johnson's conviction, and, upon appeal, that
conviction has been affirmed at the present term of this court
(*Johnson* v. *United States, ante,* p. 128). It was admitted by
counsel for appellant, upon the hearing of this appeal, that an
affirmance of that judgment would not be followed by an addi-
tional sentence, should the court sustain the appeal herein.

An examination of the first count of the indictment discloses
that it sets forth that Johnson was desirous of obtaining employ-
ment as a postal letter carrier in the Washington City Postoffice
Department, and that, to obtain such employment, it was neces-
sary, under the civil service act of January 16, 1883, for him
to make application in writing to the United States Civil Serv-
ice Commission and be by said commission examined as to his
qualifications in the premises: that it was required by the rules
promulgated by the commission, pursuant to law, that Johnson,

in the manner prescribed by the commission, and upon a blank form furnished, answer certain questions touching his qualifications; that the application as completed should be sworn to before a duly qualified officer, whose certificate should be attached thereto, and then, by Johnson, forwarded and presented to the commission; that Johnson, having filled in the answers to the questions set forth on the blank form, executed the application in the manner prescribed, "and that the material questions and answers aforesaid had reference, among other things, to whether said Johnson had ever been employed in the government civil service of the said United States, and to whether, if said Johnson had been employed in said service, said Johnson had been discharged from said service, or had resigned from said service."

The indictment further charges that Johnson, well knowing that he had been employed in said government civil service and had been discharged from said civil service, did "unlawfully and knowingly falsely make and forge" the said application, "and did then and there present the same at the office of said United States Civil Service Commission  *  *  *  for the purpose of deceiving said commission,  *  *  *  and for the purpose of defrauding the said United States." The application referred to is set out in full. An inspection discloses that it contains twenty questions, several of them subdivided, to all of which answers were made. The following were the grounds upon which the motion for arrest of judgment was based:

"1. That the first count in said indictment on which said defendant was convicted does not charge an offense under the laws of the United States.

"2. That said count attempts to charge defendant with falsely making and forging a certain application, but that said indictment fails to state wherein said application was falsely made and forged.

"3. That said application alleged to have been falsely made and forged is not a declaration or statement required by any law of the United States to be made, and, therefore, is not a declara-

tion or statement within section 5479 of the Revised Statutes of the United States.

"4. That there is no law or valid rule promulgated by the Civil Service Commission which required the certain facts set up in said indictment to be a part and parcel of said application."

It will be unnecessary to consider any of the grounds save the second, which was the one mainly discussed by counsel for the respective parties. The third and fourth grounds were not well taken, and the same objections were held bad in *Johnson* v. *United States, supra.* If the first ground is intended to assert that forgery, when properly alleged, of an application for examination under the civil service law and valid rules is not an offense covered by section 5479 of the Revised Statutes, the objection is not well taken under the decisions in analogous cases. *Curley* v. *United States,* 64 C. C. A. 369, 130 Fed. 1; *Johnson* v. *United States, supra.* If, on the other hand, it means that no offense is charged because not properly set forth, then it is covered by the second ground upon which the motion was based.

That particularity and certainty are required in indictments is the well-settled rule of law applicable to the subject. "The indictment must be free from all ambiguity." *Evans* v. *United States,* 153 U. S. 584, 38 L. ed. 830, 14 Sup. Ct. Rep. 934. Equally true is it that the charge must be made directly, and not inferentially, or by way of recital. *United States* v. *Hess,* 124 U. S. 483, 31 L. ed. 516, 8 Sup. Ct. Rep. 571; *Tyner* v. *United States,* 23 App. D. C. 324.

Measured by these standards, we think the indictment was fatally defective. We have seen that the appellee was called upon to answer many questions, and, if the offense alleged is considered to lie in a false answer to one or more of these questions, the indictment, if good as to one false answer, is good as to all false answers. The mere statement of the indictment that one answer was false, which statement is a mere recital, does not free the indictment from ambiguity. That the forgery consisted in such alleged false answer is not directly charged, and at the best can only be spelled out. It is a mere inference. Reading

the indictment in connection with the statute, one would naturally infer that the name of the notary had been forged. Counsel for appellant admits that it is only by implication that the indictment charges that the recited answer was in fact false, and adds that, "although the charge is indirect and inferential," the effect is sufficiently clear as to be unmistakable to the ordinary intelligence. We think that it would be an unsafe rule to lay down that an indictment is good or bad according to the degree of the intelligence of the indicted person or his attorney.

By reason of our decision sustaining the judgment in the other case against Johnson, the question to be here determined is of little or no importance to the parties to this case, and further discussion becomes unnecessary.

In conclusion, it may be said that the defect in the indictment was not cured by the verdict, for the reason that the demurrer to this count was overruled, which takes the case outside section 1025 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 720). *Moore* v. *United States,* 160 U. S. 268, 40 L. ed. 422, 16 Sup. Ct. Rep. 294. It follows that there was no error by the court below in granting the motion in arrest of judgment, and therefore its decision should be *affirmed. And it is so ordered.*