## DOWNING v. UNITED STATES.
### No. 6377.

Circuit Court of Appeals, Fifth Circuit.
Jan. 8, 1932.

Rehearing Denied Jan. 9, 1932.

Zach H. Douglas, of Gainesville, Fla., and James H. Bunch, of Jacksonville, Fla., for appellant.

Fred Cubberly, U. S. Atty., and Geo. Earl Hoffman, Asst. U. S. Atty., both of Pensacola, Fla.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted upon an indictment drawn under 18 USCA § 355, which

charged that he "then and there being Postmaster * * * and then and there having in his custody and control and possession as such Postmaster * * * under and by virtue of his said office or employment * * * certain monies and property of the United States, to-wit: Three thousand three hundred sixteen dollars and ninety cents, more or less, of the Postal Funds of the Post Office Department * * * did unlawfully, knowingly and feloniously, then and there appropriate to his own use and benefit and against the use and benefit of the United States and the Post Office Department thereof, the said Three thousand three hundred sixteen dollars and ninety cents, more or less, of the Postal Funds of the Post Office Department of the United States, which said sum * * * he, the said William H. Downing, then and there did embezzle," etc.

The indictment was demurred to on the grounds that it failed to give a particular description of the money or to allege possession of it by appellant by virtue of his employment, or ownership by the Post Office Department. In these particulars the indictment is not subject to demurrer, as it measures up to the rules of pleading announced in Moore v. United States, 160 U. S. 268, 16 S. Ct. 294, 40 L. Ed. 422. The opinion in that case states in so many words that the indictment there under consideration would have been upheld if it had charged, as in effect this indictment does, that the total sum alleged to have been embezzled came into the possession of the defendant in his official capacity.

A shortage in the exact sum alleged of postal funds in the office of which appellant was postmaster was disclosed by the records and books of account which he kept and turned over to the post office inspector for examination, and also by a transcript from the account books of the General Accounting Office. Appellant's only contention on the evidence was that not he but by inference some one else was guilty of the misappropriation and embezzlement. The only other person who regularly had access to the post office funds was appellant's wife. During a part of the period in which the shortage occurred there was an extra employee, but she testified that she accounted to appellant for all money received by her at the end of each day. She further testified that appellant checked her accounts of each day's business, and this he did not deny. The books and records of the post office were received in evidence for the purpose of arriving at the shortage. Some, though not all, of the entries therein were in appellant's handwriting.

Assignments of error are based on the refusal of the trial court to grant appellant's motions for continuance and for a bill of particulars; on the admission over his objection in evidence of the books and records which disclosed the shortage; on the denial of his motion at the close of all the evidence to direct a verdict of not guilty; and on a general exception to the whole of the court's charge to the jury.

■ It was within the trial court's discretion to deny the motions for continuance, and for a bill of particulars; and no abuse of discretion is shown. The books and records which disclosed the financial condition of affairs in the post office were admissible in evidence, though they were not entirely in appellant's handwriting, as they were kept under his supervision and produced by him upon the post office inspector's request as correctly representing receipts and disbursements during the period under investigation. Besides, the transcript from the account books of the General Accounting Office, which was made up of appellant's reports, is by statute made prima facie evidence of the shortage. 18 USCA § 355. That it was within the power of Congress to place on a defendant indicted under this statute the burden of explaining a shortage in his accounts we entertain no doubt. Foster v. United States (C. C. A.) 256 F. 207. It was for the jury to say whether appellant's explanation was satisfactory; and so it was not error to refuse to direct a verdict in his favor.

■ Appellant was required by our Rule X to state distinctly the several matters of law in the court's charge to which he excepted; and by Rule XI to set out the parts thereof assigned as error in totidem verbis. As he both excepted and assigned error generally to the whole of the court's charge, much of which admittedly was correct, the assignment of error thereon will be disregarded.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.