### UNITED STATES v. RENTON.

No. 1476c.

District Court, D. New Jersey.

Nov. 19, 1943.

Charles M. Phillips, U. S. Atty., of Trenton, N. J., by Edgar H. Rossbach, Sp. Asst., of Newark, N. J., for plaintiff.

Martin P. O'Connor, of Elizabeth, N. J., for defendant.

FORMAN, District Judge.

The defendant is charged with the crime of embezzling property of the United States under Section 47 of the Criminal Code, 18 U.S.C.A. § 100, which provides as follows: "Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

A demurrer has been filed and the sufficiency of the indictment is the question for determination. Such part of the indictment as is pertinent to this discussion is worded as follows: "That during the period between November 1, 1942 and December 31, 1942, at Roselle Park, in the County of Union and State and District of New Jersey, and within the jurisdiction of this Court, Charles E. Renton being then and there a member of the Roselle Park War Price and Rationing Board, and entrusted and charged with the proper custody, control and distribution of gasoline rationing coupons, did knowingly, willfully, unlawfully and feloniously embezzle property and valuable things of the goods, chattels and property of the United States, to wit: valid gasoline ration coupons, representing between 10,000 and 12,000 gallonage value, the particular number and class being to the Grand Jurors unknown, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

The indictment is attacked as failing to charge the defendant with the crime of embezzlement, in that it "does not set forth any facts showing that there existed at the time of the alleged embezzlement any fiduciary relationship whatsoever between the said defendant and the United States or any lawfully constituted board, body or agency acting for or on behalf of the United States", nor does it contain an "allegation or averment of fact that at the time of the alleged crime referred to in the said indictment a legal relationship of trust or confidence existed between the defendant and the United States or any lawfully constituted board, body or agency acting for or on behalf of the United States" and that "because the description of the alleged offense set forth in the indictment is so general, uncertain and indefinite that it fails to apprise the defendant of the charge against him and in the event of a conviction or of an acquittal, as the case may be, the defendant is precluded from pleading effectively such conviction or acquittal in bar of another prosecution".

It is essential in an indictment charging the crime of embezzlement to allege that the property which was the subject of the embezzlement came into the possession of the alleged embezzler lawfully or with the consent of the owner. The circumstances under which possession was obtained may come about by virtue of some employment or by reason of a fiduciary relationship which exists between a defendant and the owner of the property. Weinhandler v. United States, 2 Cir., 20 F.2d 359; United States v. Allen, D.C., 150 F. 152; Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422.

The indictment charges that the defendant was entrusted with gasoline rationing coupons but fails to state that they constitute the property which he embezzled. It is entirely possible under the very

language of the indictment that the gasoline rationing coupons purported to have been embezzled by the defendant were not those gasoline rationing coupons which were entrusted. to him. If the embezzled coupons were not those entrusted to the defendant, the defendant cannot be charged with the crime of embezzlement for, in such case, the element of lawful possession would be lacking.

The defendant is referred to in the indictment as a member of the "Roselle Park War Price and Rationing Board", but nowhere in the indictment is the relationship between this particular board and the United States averred. It would appear from the indictment that the trust relationship giving rise to the embezzlement was between the Board and the defendant, but no mention is made of the existence of the Board as a legal entity or as a subdivision of an authorized agency of the United States, or otherwise.

■ The government in its argument submits that the Board was a part of the Office of Price Administration, the authority for which originated from the statutory authority vested in the President of the United States by the Emergency Price Control Act 1942, 50 U.S.C.A.Appendix § 901 et seq. and the Second War Powers Act of March 27, 1942, 50 U.S.C.A.Appendix § 631 et seq. By virtue of powers delegated to him, the State Director on May 15, 1942, it is stated, established the Union County War Price Rationing Board No. 3 to cover Roselle and Linden, New Jersey. It is further stated that this Board is *otherwise known* as the Roselle Park War Price and Rationing Board. No reason is given as to why the government should choose the "otherwise known" name rather than the true designation. The defendant is entitled to know exactly the trust relationship with which he was charged. In order to establish lawful possession, an essential element of this crime, the exact relationship between the defendant and the owner of the property, should be set forth.

In respect to the failure to aptly describe the governmental agency whose trust the defendant is alleged to have betrayed, and the additional failure to specify the gasoline rationing coupons alleged to have been embezzled as the same property entrusted to him, the indictment in the case at bar would expose the defendant to a second charge on the same subject matter.

It is for these reasons that the indictment is not sufficient in law to compel the defendant to answer thereto and the demurrer will be sustained.

■ There is no merit to the contentions of the defendant that the value of the property embezzled was not sufficiently alleged, and that the indictment is defective because it described the "gallonage" value of the coupons. The case cited by the defendant, Clark v. United States, 6 Cir., 268 F. 329, held that an undelivered government pay check may be the subject of larceny regardless of the smallness of its value. The court said:

"But, even under the common-law rule, conviction would be sustained if the paper itself had any intrinsic value, no matter how small that value might be. This question is fully discussed and authorities cited in the case of Jolly v. United States, 170 U.S. 402 at page 407, 18 S.Ct. [624], at page 626, 42 L.Ed. 1085. * * *

"The fact that time and labor had been expended upon this check by an officer of the United States, at the expense of the United States, in preparing it for the purposes for which it was intended, would certainly not make the check less valuable to the United States than a blank check, nor would the government be required to show that it was of the value of the amount written therein. If it was of any value whatever to the United States, then, in that respect, the verdict of guilty would be fully sustained by the evidence." 268 F. at page 331.

It is apparent that valid gasoline rationing coupons which are the property of the United States possess such value as to make them the subject of embezzlement and it is not necessary to give an estimate of their intrinsic value to the government in the indictment. The "gallonage" value of the gasoline rationing coupons stated in the indictment may be considered as surplusage. However, for the reasons heretofore stated the indictment fails.