Henry SATTERFIELD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13161.

United States Court of Appeals
Sixth Circuit.

Nov. 14, 1957.

Ward Hudgins, Nashville, Tenn., Harris Gilbert, Nashville, Tenn., on brief, for appellant.

James R. Tuck, Asst. U. S. Atty., Nashville, Tenn., Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before McALLISTER, MILLER, and STEWART, Circuit Judges.

PER CURIAM.

On a trial before the district court without a jury, the court found appellant guilty of embezzlement of money which came into his possession while in the

execution of his office as an employee of an agency of the United States, in violation of Title 18 U.S.C.A., § 654.[1]

Appellant seeks review on the ground that the evidence does not sustain the judgment; and that, according to the statutes of Tennessee, he would be guilty of larceny rather than embezzlement on the evidence adduced before the court.

The evidence discloses that appellant was an employee of the United States, holding the position of Chief Supply Clerk in the Nashville, Tennessee, office of the Director of Internal Revenue; that one of his duties was to distribute mail received at the Cashier's Office of the Internal Revenue Service; that Postal Inspector B. H. Johnson had mailed $14.00 of his own marked money to Paul Herring, of the "Delinquent Accounts Branch" of the Internal Revenue Service in Nashville; that the envelope containing this marked money was included in other mail which was picked up by other employees of the Internal Revenue Service, in the course of their employment, at the Post Office box used by the Director of Internal Revenue in that city; that the said employees, in the execution of their duties, delivered such mail to the said Cashier's Office; that, thereafter, postal inspectors searched several postal employees and found the marked money in appellant's pocketbook when they searched him.

The evidence clearly shows that appellant was specifically assigned by his superiors to the duty of distributing mail from the Cashier's Office to the other offices.

 The federal statute and decisions are here controlling. The embezzlement statutes of the State of Tennessee, relied upon by appellant, apply only to employees and property of State, County, and Municipal Governments, and to employees of private individuals, corporations, and partnerships. Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come. Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422. From the evidence, it appears that appellant was an employee of the Internal Revenue Service of the United States; that money, belonging to another, came into his possession in the execution of his office, or course of employment, as a distributor of mail in the office of the Internal Revenue Service; and that he wrongfully converted it to his own use.

No error appearing, and the judgment being sustained by the evidence, it is hereby affirmed.

---

1. Title 18 U.S.C.A. § 654, provides, as follows:

"Whoever, being an officer or employee of the United States or of any department or agency thereof, embezzles or wrongfully converts to his own use the money or property of another which comes into his possession or under his control in the execution of such office or employment, or under color or claim of authority as such officer or employee, shall be fined * * * or imprisoned * * * or both * * *"