In re Edward B. LILLY Bankrupt.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, INC., Plaintiff,**

v.

**Edward B. LILLY, Defendant.**

**Bankruptcy No. 79–01059 G.**

United States Bankruptcy Court, D. Maryland.

Jan. 15, 1980.

James K. Foley, Silver Spring, Md., for plaintiff.

George Molnar, Silver Spring, Md., for defendant/bankrupt.

STATEMENT OF FACTS AND CONCLU-
SIONS OF LAW ON COMPLAINT OF
FIDELITY AND DEPOSIT COMPA-
NY OF MARYLAND, INC. TO DE-
TERMINE THE DISCHARGEABILI-
TY OF DEBT

GLENN J. GOLDBURN, Bankruptcy
Judge.

## STATEMENT OF FACTS

The bankrupt was a senior claims representative for an insurance company and was authorized to settle claims and issue drafts, without countersignature, up to $1,000.00. In June, 1970, he pleaded guilty to conspiracy in the Commonwealth of Pennsylvania for issuing drafts to fictitious payees, and in addition to being sentenced to one and one-half to five years in the State prison, he was ordered to make restitution to his employer in the amount of $110,231.43. The employer obtained a judgment against the bankrupt for that amount in May, 1972 in Pennsylvania and the employer's insurer, Fidelity and Deposit Company of Maryland, Inc., was substituted as a party plaintiff in place of the employer.

The insurer brings this action to declare the debt nondischargeable under Section 17a(4).

## CONCLUSIONS OF LAW

Section 17a(4) of the Bankruptcy Act excepts from discharge debts of the bankrupt which "were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." Unquestionably, the bankrupt was not an officer of the corporation by whom he was employed so the question to be determined is whether or not he acted in any fiduciary capacity as required by the Act. A fiduciary is defined as one being limited to technical or express trusts and is not applicable to agents, bailees, brokers, factors or partners. Clearly the bankrupt's duties indicate that he stood in a fiduciary capacity with his employer as described in 1A *Collier on Bankruptcy*, paragraph 17.24(4) (1976). In *Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422, embezzlement was defined as the fraudulent appropriation of property by a person to whom such property was entrusted. When a fiduciary takes money upon a conditional authority which may be revoked, he is guilty of a "defalcation" in failing to restore it upon revocation of the authority, although it may not be "fraud" or an "embezzlement", or perhaps not even a "misappropriation." *Central Hanover Bank and Trust v. Herbst*, 93 F.2d 510 (2d Cir. 1937).

The Court concludes that the creditor has sustained the burden of proof and will enter an Order declaring the debt of the plaintiff in the amount of $110,231.43 nondischargeable.