**In re David S. PICKETT and Joy B. Pickett, Debtors.**

**GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff,**

v.

**David S. PICKETT and Joy B. Pickett, Defendants.**

No. 91–182–BKC–3P7.

Adv. No. 91–97.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 14, 1992.

---

Wayne M. Singletary, Jacksonville, FL, for plaintiff.

Albert H. Mickler, Jacksonville, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon complaint of General Electric Capital Corporation seeking exception to discharge pursuant to 11 U.S.C. § 523(a)(2) and (4). A trial was held on July 28, 1992, and, upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Defendants participated in the control, operation, and management of D & J Pickett, Inc., d/b/a Five Points Appliances which was a retail consumer appliance dealership located in Fernandina Beach, Florida.

Five Points Appliances sold consumer appliances acquired with inventory financing provided by plaintiff. Pursuant to a Security Agreement executed on July 23, 1985, plaintiff obtained a security interest in the appliance inventory.

In addition, on the same date, defendants also executed their personal guaranty of the obligations of Five Points Appliances under the Security Agreement.

Pursuant to the Security Agreement, defendants were to pay plaintiff the amount owed on financed inventory upon its disposal. Accordingly, plaintiff conducted periodical inspections of the collateral. At such times defendants would pay to plaintiff the difference between the amount due and the value of the inspected inventory.

Between May 8, 1990, and November 7, 1990, plaintiff made six such inspections. The average value of inventory on hand at each inspection was $116,307.66. After each inspection defendants promptly paid the sum owed to plaintiff.

Five Points Appliances ceased doing business on December 15, 1990.

Defendants filed a petition under chapter 7 of the Bankruptcy Code on January 15, 1991.

On January 21, 1991, plaintiff inspected its collateral and determined that the inventory on hand at that time had a value of $34,838.00. Plaintiff argues that its records show that when the business closed inventory valued at $126,418.00 should have been on hand.

### Conclusions of Law

The exceptions to discharge outlined in § 523 are designed to prevent the debtor from avoiding, through a bankruptcy filing, the consequences of wrongful conduct. A creditor seeking to except a debt from discharge bears the burden of proof as to each element through a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d. 755 (1991).

In the instant proceeding, plaintiff alleges a cause of action under § 523(a)(2)(A) in its complaint. However, neither the evidence presented at trial, nor the post-trial brief submitted by the plaintiff contains any basis for a finding of non-dischargeability based on actual fraud. Accordingly, the Court will find in favor of defendant under § 523(a)(2)(A).

Plaintiff also maintains that defendants' actions have amounted to embezzlement and, therefore, the remaining debt owed is non-dischargeable under § 523(a)(4). Section 523(a)(4) provides in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....

For purposes of dischargeability litigation, this Court has recognized that embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In re Kelley*, 84 B.R. 225, 231 (Bankr. M.D.Fla.1988) (quoting *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895)). Proof of a fiduciary relationship is not necessary to prevail on an embezzlement claim; however, a showing of fraud or fraudulent intent is. *Id.*

In the proceeding at bar, no evidence of fraud or fraudulent intent on the part of the defendants was shown. The evidence merely established that the inventory on hand was substantially less that what plaintiff expected to be in defendants' possession when the business closed. From such scant facts, the Court cannot conclude that defendants disposed of such collateral in a fraudulent manner or with a fraudulent intent.

Plaintiff failed to prove the elements of an exception to discharge under either 11 U.S.C. § 523(a)(2) or (4). Accordingly, the debt of $95,027.73 owed by defendants to plaintiff is covered by defendants' discharge.

A separate Judgment finding in favor of defendants and against plaintiff will be entered.