In re Richard A. MERCER, Jr. and Sharon Louise Mercer, Debtors.

FRATERNAL ORDER OF EAGLES, AERIE 1490, a Washington nonprofit corporation, Plaintiff,

v.

Richard A. MERCER, Jr. and "Jane Doe" Mercer, husband and wife, dba Custom Renovators, U.S. Bank, an Insurance Company, Defendants/Third Party Plaintiffs,

v.

Ray YOUNG and Jane Doe Young, Third Party Defendants.

Bankruptcy No. 93–01814.
Adv. No. A93–03027.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

June 6, 1994.

---

David L. Tingey, Renton, WA, for plaintiff.

David Joseph Smith, Kirkland, WA, for defendants.

## OPINION ON MOTION FOR RECONSIDERATION

SAMUEL J. STEINER, Chief Judge.

### FACTS

In 1992, the Fraternal Order of Eagles contracted with debtor Richard Mercer, dba Custom Renovators, for the construction of an addition to the Eagles' building. The Eagles filed this adversary proceeding to determine the dischargeability of expenses which it incurred in obtaining completion of the contract, after the debtor failed to perform.

The debtor initially bid the job for a price of $80,154.56 and subsequently increased the bid when it appeared that the job would involve more than was originally contemplated. With this increase plus authorized work orders, the price ultimately reached $111,548.89. After the debtor had received approximately $105,000 in payment, he requested additional sums. At that point the plaintiff refused to pay him anything further and terminated the contract. Plaintiff alleges that it cost $30,000 to complete the work, and that the debtor is liable for this amount, plus additional amounts under Washington's Consumer Protection Act.

The complaint contains several causes of action under § 523(a) but fails to identify the specific Code provisions on which it is based. The gist of the complaint is that 1) the debtor defrauded the plaintiff by intentionally underbidding the job in order to obtain the work, and then later demanding that he be allowed to submit a higher bid; and 2) the debtor misappropriated funds which the plaintiff had paid to him rather than utilizing them for the job.

The matter initially came on for hearing on the debtors' motion for summary judgment of dismissal, the issues being whether the

debt is nondischargeable for fraud under § 523(a)(2)(A), or for embezzlement under § 523(a)(4). The Court granted the motion after concluding that the plaintiff had failed to satisfy the elements of these provisions. The matter is now before the Court on the plaintiff's motion for reconsideration.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to F.R.Bankr.P. 7056 and F.R.Civ.P. 56, a party moving for summary judgment must show by reference to pleadings, discovery, admissions, and affidavits, if any, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of production then shifts to the nonmoving party, who must produce by admissible evidence "specific facts showing that there is a genuine issue for trial." F.R.Civ.P. 56.

The ultimate burden of proof is no different on a motion for summary judgment than it is at trial; that is, burden of proof does not shift away from the nonmoving party on a motion for summary judgment.

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Katrett,* 477 U.S. 317 at 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 at 273 (1986).

Thus in order to prevail against the debtors' motion, the plaintiff must produce evidence of each element of § 523(a)(2)(A) and/or § 523(a)(4).

## STANDARD FOR RECONSIDERATION

Motions for reconsideration are governed by CR 7(e)(1), Local Rules W.D.Wash., which applies to Bankruptcy Courts by virtue of Local Bankruptcy Rule 1001. Rule 7(e)(1) provides as follows:

> (e) Reconsideration of Motions
>
> (1) Standards. Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

See also *Frederick S. Wyle, P.C. v. Texaco, Inc.,* 764 F.2d 604 (9th Cir.1985); and *The Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307 (W.D.Wash.1987).

## FRAUD

■ Section 523(a)(2)(A) provides for the nondischargeability of any debt to the extent obtained by "false pretenses, a false representation, or actual fraud...." The elements of a claim for fraudulent misrepresentation under § 523(a)(2)(A) are:

> (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

*In re Rubin,* 875 F.2d 755 (9th Cir.1989).

After having reviewed the submissions of the parties in the present case, the Court found that the there was no evidence of fraudulent intent other than the plaintiff's speculation, and concluded that speculation does not satisfy the burden of showing fraud. No newly-discovered evidence has been produced with the motion for reconsideration. Accordingly, the motion as it pertains to fraud under § 523(a)(2)(A) should be denied.

## EMBEZZLEMENT

■ Section 523(a)(4) prevents the discharge of a debt based on embezzlement. Plaintiff contends that the debtor embezzled funds which it paid to him on the project.

For purposes of § 523(a)(4), embezzlement is defined as "the fraudulent appropriation of

property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1885).

> Embezzlement, thus, requires three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." *In re Hoffman*, 70 B.R. 155, 162 (Bankr. W.D.Ark.1986); *In re Schultz*, 46 B.R. 880, 889 (Bankr.D.Nev.1985).

*In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991). With this definition in mind, this Court asked whether the debtor had "gone south" with some of the money. Based on the evidence before it, the Court concluded that the plaintiff had not produced evidence sufficient to establish embezzlement under § 523(a)(4).

In its motion for reconsideration, the plaintiff cites *State v. Oglesbee*, 24 Wash.App. 769, 603 P.2d 1275 (1979), for the proposition that a contractor who diverts funds to a use other than the project for which they were intended may be guilty of theft by embezzlement. Prior to *Oglesbee*, the Washington State legislature had repealed a statute which specifically provided for embezzlement liability of a contractor. In *Oglesbee* the Court held that the new theft statute preserved such liability for contractors, by concluding that they do not become the "owner" of funds on a contract until they have paid all debts associated with the contract.

It may be that the debtor committed technical embezzlement under state law. However, federal law controls the definition of embezzlement for purposes of § 523(a)(4). The Bankruptcy Court in Nevada confronted a similar situation in *In re Schultz*, 46 B.R. 880 (Bankr.D.Nev.1985) (cited with approval in *In re Littleton*, supra). Nevada law declares it to be embezzlement when an agent uses property entrusted to him for any purpose other than that for which it was entrusted, and provides further that a contractor who receives payment pursuant to a contract to supply labor and materials "shall be deemed to receive the same as [an] agent . . . for the purpose of paying all claims for labor and materials supplied." 46 B.R. at 891. The Bankruptcy Court expressly declined to apply the state law definition of embezzlement, noting that "[e]xceptions to discharge are a matter of federal bankruptcy law; state law may be consulted only to the extent that it is not in conflict with the Congressional policy of providing a fresh start to the honest debtor." *Id.*

■ As indicated previously, the first element of embezzlement is the appropriation of property by a nonowner. Under federal bankruptcy law, absent agreement to the contrary, a contractor receiving progress payments takes the funds as owner. The plaintiff may not rely on a state law presumption that a contractor receives funds as an agent rather than an owner. Having failed to produce factual evidence of such a restriction in this case, the plaintiff has not established the first element of its case.

■ The Court concludes further that the plaintiff has failed to produce evidence of fraudulent intent, the third element of embezzlement. According to the plaintiff, the debtors' business records show that the debtor drew over $20,000 for personal use during the period of the contract. The plaintiff draws this conclusion by stating that "Defendant's records show that Plaintiff's project was given reference number 31 in his accounting," and then tabulates the checks with that reference number. This is simply not correct. It is obvious from the debtors' weekly tally form that reference numbers which appear opposite checks on the daily register refer to categories of expenditures, not projects. Number 31 refers to "Wages & Comm." (other categories include taxes, postage, rent, accounting, advertising, etc.). Thus checks to Rick Mercer, Family Groceries, Cash, Sharon Mercer, and Personal Bills were all properly characterized as wages, without reference to which job they were for. As to the remaining allegations regarding diversion of funds, no specific facts have been presented in support of the fraudulent intent required to establish embezzlement.

Accordingly, the motion for reconsideration as it pertains to embezzlement under § 523(a)(4) should also be denied.

## CONCLUSION

Whether proceeding under § 523(a)(2)(A) or § 523(a)(4), fraudulent intent is an essential element of the plaintiff's case. The Court concluded at the hearing and still concludes that the plaintiff has failed to produce any evidence in support of that element, and that the dispute here as presented involves breach of contract and nothing more. The plaintiff has not produced new facts or legal authority. Accordingly, its motion for reconsideration should be denied, and an appropriate judgment will be entered.