**In the Matter of Denis H. LAMBILLOTTE and Barbara J. Lambillotte, Debtors.**

**William A. KIERNAN, et ux., Plaintiff,**

**v.**

**Denis H. LAMBILLOTTE, Defendant.**

**Bankruptcy No. 81–694.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Jan. 21, 1982.

J. Michael Rooney, Punta Gorda, Fla., for plaintiff.

Philip L. Burnett, Fort Myers, Fla., for defendant.

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS TREATED AS MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest upon a Motion for Judgment on the Pleadings filed by the Debtor, Denis H. Lambillotte. In light of the fact that matters outside the pleadings were presented at the hearing, the Court will treat the present motion as a Motion for Summary Judgment pursuant to Rule 712.

The complaint filed in this matter seeks to declare a debt allegedly owed by the Defendant to the Plaintiff, William A. Kiernan, to be non-dischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

The relevant facts can be summarized as follows:

On October 1, 1979, the Plaintiffs, William A. and Marguerite P. Kiernan, husband and wife, entered into a written agreement with Coastal Pointe Enterprises, Inc. dba Coastal Pointe Homes, the contractor, wherein the latter agreed to construct a residential dwelling for the Plaintiffs for the total price of $87,200. The Debtor, Denis H. Lambillotte, is the president and sole stockholder of the corporation. Pursuant to the construction contract, the Plaintiffs made a down payment of 10% or $8,720. It is this sum which the Plaintiffs allege to have been willfully converted by the Defendant and which they seek to have declared as a non-dischargeable debt.

Section 523(a)(6) of the Bankruptcy Code provides in pertinent part as follows:

"(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

The legislative history clearly indicates that this Section includes a willful and malicious conversion. 124 Cong.Rec. H. 11,-095–6 (Sept. 28, 1978); S 17, 412–13 (Oct. 6, 1978).

 In order to establish a claim for conversion, the Plaintiff must show an act of dominion or control wrongfully asserted over another's property inconsistent with his ownership of it. *Goodrich v. Malowney*, 157 So.2d 829 (1963). Leaving aside the question of intent for the moment, it is essential that the Plaintiffs show that the converted item is indeed their property. This they cannot do. Under the instant facts it is clear that once the Plaintiffs paid the $8,700 down payment it was no longer their property and could not be the subject of a conversion.

 The complaint also alleges that the conversion "was done by the Defendant while in a fiduciary relationship" pursuant to Fla.Stat. § 713.34 which provides that one who misapplies the proceeds of a payment to him to improve real property shall be guilty of embezzlement. The attorney for the Plaintiff accurately admits that this is a criminal statute but urges that this Court extrapolate from it, together with its statutory presumption of intent to defraud, to supply a civil cause of action. An additional strand of the plaintiff's argument is that by definition an embezzlement includes an entrustment and, therefore, the Debtor as fiduciary willfully converted funds belonging to the Plaintiffs.

Even assuming for the sake of argument some limited applicability of this Section it does not appear that the Defendant has been either charged or convicted under this Statute. In addition, the majority of courts when confronted with statutes imposing criminal or other penalties for this kind of diversion of funds have refused to find a trust relationship. In *In re Pedrazzini*, 644 F.2d 756 (9th Cir. 1981), the Court stated the underlying rationale for this refusal, at page 759:

"[The] statutes relied on by appellant here, operate only after an act of wrongdoing has occurred. The . . . statutes do not create the basic elements of a trust. No res is defined and no fiduciary duties are spelled out, therefore, the statutes do not create true fiduciary relationships." Citing, *In re Angelle*, 610 F.2d 1335 (5th Cir. 1980).

See also, *In re Thornton*, 544 F.2d 1005 (9th Cir. 1976) and *In re Dloogoff*, 600 F.2d 166 (8th Cir. 1979). In any event, this Court would not be bound by any such prior determination since the question of dischargeability is uniquely within the province of this Court and does not depend upon earlier resolutions under state law. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). This Court finds the Plaintiff's reasoning unpersuasive. They may not establish a right to prevail by adopting the precepts and policies underlying an area of criminal law and attempting to transplant them into the law of bankruptcy.

In accordance with the foregoing, this Court is satisfied that there are no genuine issues of material fact and that the Defendant is entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Judgment on the Pleadings, filed by the Defendant and treated as a Motion for Summary Judgment be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that judgment be, and the same hereby is, entered in favor of the Defendant and against the Plaintiff and the debt is hereby declared to be dischargeable.