In re Dennis C. YOUNG and Patricia G. Young, Debtors.

**Lois McKEE, Plaintiff,**

v.

**Dennis C. YOUNG, Defendant.**

**Bankruptcy No. 84–644–ORL–BK–GP.**
**Adv. No. 84–148.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 6, 1988.

**522**

Andrea Ruff, Orlando, Fla., for defendant.

J. Gordon Blau, Orlando, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed under 11 U.S.C. 523(a)(2)(A) seeking to except from discharge a debt allegedly obtained upon false pretenses, false representations, and actual fraud. The trial was held on January 8, 1988; April 12, 1988; and July 22, 1988, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

On June 27, 1983, the defendant, Dennis C. Young, executed a promissory note in the amount of $2,000.00 plus interest in favor of William and Lois McKee. The promissory note was handwritten and contained the following language: "This note is secured by my residence located at 5071 Signal Hill Rd., and in case of default of more than 60 days, a lien can and will be placed against it." Interest on the loan was to accrue at the rate of $60 a month, which would amount to an interest rate of 36% per annum.

The property located at 5071 Signal Hill Road, Orlando, Florida, was jointly owned by the defendant and his wife as tenants by the entireties. Mrs. Young had no knowledge of the $2,000.00 loan nor did she join in the signing of the note.

Mr. Young made several of the payments due under the note. Upon his default however, the plaintiff initiated a suit against him in state court and on August 29, 1984, the County Court of the Ninth Judicial Circuit, in and for Orange County, Florida, entered a judgment in the amount of $1,834.40 against the defendant after he failed to appear for trial.

At the time of executing this note, Mr. Young was employed as a mortgage broker in the Central Florida area. Plaintiff contends that his knowledge and expertise as a mortgage broker and his promise to give the plaintiff a mortgage interest in his marital home induced them to lend the defendants $2000.00.

### CONCLUSIONS OF LAW

Plaintiff's claim is predicated upon § 523(a)(2)(A) of the Bankruptcy Code. That section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In order to sustain an exception to discharge the plaintiff must prove: (i) that the defendant in fact made the representations; (ii) that he knew at the time he made them that they were false; (iii) that he made them with the intention of deceiving the creditor; (iv) that the creditor relied upon those representations; and (v) that the creditor sustained the alleged loss and damage as the proximate result of those representations. *In re Hammett,* 49 B.R. 533, 534 (Bkrptcy.M.D.Fla.1985).

The burden to establish an exception to discharge under § 523(a)(2)(A) rests squarely on the plaintiff who must present persuasive and convincing evidence that the debtor did, in fact, obtain property by false pretenses or by actual fraud. *Matter*

*of Barnard*, 39 B.R. 593, 595 (Bkrtcy.M.D. Fla.1984); *In re Newmark*, 20 B.R. 842, 853 (Bkrptcy.E.D.N.Y.1982).

In the spirit of this mandate, plaintiff argues that she would not have loaned the defendant $2,000.00 had he not represented that the obligation would be secured by a mortgage against his residence. Plaintiff further contends that she believed and understood the handwritten document prepared by defendant to be a legally binding instrument which would protect her interests. Since defendant was a licensed mortgage broker, she maintains that her reliance upon his representations was justified.

The defendant, on the other hand, suggests that Mrs. McKee did not participate in the loan negotiation process, that the language used in the document was mutually agreed upon by both parties, and that there was no reliance upon defendant's position as a mortgage broker when the loan was made.

The Court agrees with defendant. Although Mr. Young holds a mortgage broker license, he has little experience with drafting mortgages and was unsophisticated with respect to the legal ramifications surrounding tenancy by the entireties property. His primary function as a mortgage broker was to solicit customers for his employer. He had little, or no experience, drafting mortgage agreements.

Secondly, the Court finds that reliance on defendant's skill or position as a mortgage broker was lacking. The plaintiff simply wanted to obtain some security for the loan which both parties mistakenly believed they had accomplished. There was little or no evidence that defendant held himself out as an expert in drafting such documents.

The Court finds further that the record is devoid of any concrete evidence of an intent to deceive. Beyond mere knowledge, a party charged with fraud must be shown to have had a "fraudulent intent or reckless regard for the truth tantamount to willful misrepresentation." *Wright v. Lubinko*, 515 F.2d 260, 263 (9th Cir.1975). Plaintiff has failed in this aspect. Accordingly, the Court will find in favor of the defendant and will hold the debt owed to plaintiff by defendant dischargeable.

The Court will enter a separate final judgment in accordance with these findings.