In re James C. BECKETT, Debtor.

**Jeffrey BROWN and Pamela Brown, Plaintiffs,**

v.

**James C. BECKETT, Defendant.**

**Bankruptcy No. 87–17–BKC–8B7.**
**Adv. No. 87–110–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1989.

Langfred White, Clearwater, Fla., for plaintiffs, Jeffrey and Pamela Brown.

Francis M. Kinsey, Tampa, Fla., for defendant, James C. Beckett.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Complaint to Determine the Dischargeability vel non of a debt pursuant to 11 U.S.C. § 523(a)(4). The Complaint brought by Jeffrey and Pamela Brown sets forth a single Count under § 523(a)(4) based upon the alleged embezzlement by the Debtor of certain construction funds obtained from Barnett Bank by the Plaintiffs. In his answer to the claim set forth in the Plaintiffs' Complaint, the Debtor admits that he received construction funds from the Plaintiffs' lender, Barnett Bank, and further admits that he used a portion of these funds to pay his corporate debts, but it is his contention that these acts do not constitute embezzlement and hence, any obligations arising from the use of those funds should be declared dischargeable. The facts as established at the final evidentiary hearing are as follows:

On April 28, 1986, James C. Beckett, Debtor, as President of Jim Beckett Corporation, entered into an agreement with the Plaintiffs, Jeffrey and Pamela Brown, to construct the Plaintiffs' residence. It appears that the Plaintiffs obtained a construction loan from Barnett Bank, the terms of which allowed the Debtor to take periodic draws against the loan to pay for the costs of construction. In April 1986,

the Debtor commenced the construction of the home and engaged the services of several subcontractors and laborers, materialmen and suppliers. Concurrently, the Debtor began to take draws from Barnett Bank and by November 1986 had received $206,350.00 in bank draws from the construction loan. It is undisputed that from this amount the Debtor distributed $100,038.40 of the loan proceeds to pay various subcontractors and materialmen who furnished labor and materials during the construction of Plaintiffs' residence. It is further undisputed that the balance of the loan proceeds were used by the Debtor to pay overhead costs of Jim Beckett Corporation, consisting of administrative costs, overhead officers' salaries and shortages from other draws. In addition, it is uncontested that the Debtor failed to pay certain subcontractors and materialmen bills which were outstanding at the time of the Debtor's receipt of the bank draws.

On January 2, 1987, the Debtor filed his Chapter 7 Voluntary Petition and on March 30, 1987, the Plaintiffs filed this Complaint under consideration seeking a determination by this Court of the dischargeability vel non of *all amounts* owed to Plaintiffs as a result of Plaintiffs' liability to subcontractors and materialmen who did not receive payment out of loan proceeds and for Plaintiffs' costs of obtaining replacement contractors to complete construction of Plaintiffs' residence. It appears that the Plaintiffs based their allegation of embezzlement solely on Florida Statute 713.34(3) and filed a Motion for Summary Judgment contending that if the Debtor's conduct constituted embezzlement under the relevant statute, then as a matter of law, the debt is nondischargeable under § 523(a)(4) for embezzlement.

On March 2, 1988, an Order was entered denying the Plaintiff's Motion for Summary Judgment and granting the Debtor's Motion for Summary Judgment which was filed in opposition to the Plaintiff's Motion, and in which the Debtor contended that as a matter of law, the relevant Florida statute could not form the basis for the federal bankruptcy cause of action under

§ 523(a)(4). The Order stated that Florida Statute 713.34(3) was not the applicable definition of embezzlement and set a final evidentiary hearing on the issue of whether the Debtor's distribution of the loan proceeds constituted embezzlement contemplated under § 523(a)(4) and defined by federal common law as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Moore v. U.S.*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895).

While noting the undisputed facts recited above, it is the Debtor's contention that the use of the funds in an attempt to keep Jim Beckett Corporation operating does not constitute fraudulent intent on the Debtor's part and thus, the Plaintiffs cannot make out a claim for embezzlement. It is the Plaintiffs' contention that the Debtor's use of the construction funds to pay off corporate debts coupled with the knowledge that the Debtor could not finish the construction of the Plaintiffs' residence, is sufficient to prove fraudulent intent on the Debtor's behalf.

The Court has considered the record, together with argument of counsel, and finds that the Plaintiffs have failed to meet their burden of proof required to sustain a claim of nondischargeability based upon § 523(a)(4) of the Bankruptcy Code for the following reasons. 11 U.S.C. § 523(a)(4) provides as follows:

> § 523. EXCEPTIONS TO DISCHARGE
> (a) A discharge ... does not discharge an individual from any debt—
>> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....

Exceptions to discharge pursuant to § 523 of the Bankruptcy Code are narrowly construed against the creditor and in favor of the debtor. *Murphy v. Robinson Investment Co. v. Cross*, 666 F.2d 873, 879–80 (5th Cir.1982).

The only real issue before the Court is whether or not the Plaintiff has met its burden of proof to establish that § 523(a)(4) of the Bankruptcy Code applies to the facts so as to bar discharge of the Debtor's obligation to the Plaintiffs.

■ Plaintiffs' claim of nondischargeability hinges on its contention that the Debtor has committed embezzlement. As mentioned above, embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. *Moore, supra.* The burden of proof in an adversary proceeding under 11 U.S.C. § 523 is on the creditor who must prove his case by clear and convincing evidence. *In re Church*, 69 B.R. 425 (Bkrtcy. N.D.Tex.1987).

The elements to be proven to make out a case of embezzlement are:
  (1) appropriation of funds by the debtor;
  (2) for the debtor's use or benefit;
  (3) with fraudulent intent.

*Savonarola v. Beran*, 79 B.R. 493 (Bankr. N.D.Fla.1987)

This record leaves no doubt that basically the Debtor used the payments made by the bank to pay the general overhead and operating expenses of the Corporation, albeit indirectly some funds were used by which he benefited to some extent such as payment on a car which was used in the business and a salary received from the Corporation. Thus, the monies were not for the use and benefit for this particular Debtor overall, but for the benefit of the construction corporation with whom the Plaintiffs had a contract to construct a home. Moreover, there is evidence in this record that at the time these funds were used, there were no outstanding invoices from materialmen, suppliers and laborers. Thus, based on the totality of the picture, this Court is satisfied that the record failed to sustain the charge that this individual Debtor in fact embezzled any monies from the Plaintiffs.

■ Admitting for the purpose of discussion only that this Debtor may have been technically guilty of embezzlement to sustain this charge, the record does not establish that the misuse of these funds was for specific misuse with fraudulent intent of the Debtor. An intent to defraud is an intent to deceive another person and to

induce such person, in reliance upon the deception, to assume, create, transfer, alter or terminate a right or obligation with reference to property. *Matter of Brinsfield*, 78 B.R. 364 (Bankr.M.D.Ga.1987). The fact that the Plaintiffs' agreement with the Debtor's corporation does not expressly require that the funds be used to pay costs of construction nor expressly prohibit the use of the funds for any reason other than the costs of construction, coupled with the Debtor's disclosure to the Plaintiffs that he used the funds for operating costs, overhead, etc. (Plaintiff's Exh. No. 5) negates any evidence of fraudulent intent on the part of the Debtor.

Based on the foregoing, this Court is satisfied that the Plaintiffs have failed to establish with the requisite degree of proof all of the elements of embezzlement and, therefore, their claim of nondischargeability based upon § 523(a)(4) cannot be sustained.

A separate Final Judgment shall be entered in accordance with the foregoing.