**In re Suman NAYEE, Debtor.**

**KRUG, INC., Plaintiff,**

**v.**

**Suman NAYEE, Defendant.**

**Bankruptcy No. 88–115–BKC–6P7.
Adv. No. 88–115.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 4, 1989.

William F. Poole, IV, Orlando, Fla., for plaintiff.

Frank M. Wolff, Maitland, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The trial was held February 1, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The facts of this case are not complicated. Defendant was at all times pertinent to this proceeding, the President, sole shareholder, officer and director of Sims Office Supply, Inc. ("Sims"), a wholesaler of office supply products. Plaintiff is a supplier of office furniture which shipped office furniture to Sims on open account prior to that firm seeking relief under Chapter 11 of the Bankruptcy Code.

Sims became delinquent in its payments to plaintiff. Consequently, plaintiff placed Sims on "credit hold" and refused to ship office products to it until the delinquency was cured. Suman Nayee, as president of Sims, contacted Stella Koop, a credit manager with plaintiff, and persuaded her to take his company off "credit hold" by promising to cure the outstanding balance to plaintiff upon payment of two checks, the first to be made on January 12, 1987, and the second on January 20, 1987.

The first of these checks was issued as promised and cleared the bank several days later. On January 22, 1987, defendant issued the second check to plaintiff in the amount of $15,450.00. Upon receipt of this check, plaintiff released an additional $8,406.40 worth of goods. This check was not honored by the payee bank due to insufficient funds. Plaintiff charges that defendant knew that Sims did not have sufficient funds or credit to cover the check when issued.

Plaintiff files this proceeding seeking to except this debt ($8,406.40) from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(4).

### CONCLUSIONS OF LAW

A discharge under § 727 of the Bankruptcy Code does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud other than a statement respecting the debtor's or insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

In order to sustain an exception under this section, a creditor must prove that defendant (i) obtained money, property, services, or an extension, renewal, or refinancing of credit, (ii) using a false financial representation pertaining to a past or present fact, (iii) with knowledge of the representation's falsity, (iv) with the inten-

tion of deceiving the creditor or to induce the other party to act upon the representation, and (v) that the creditor reasonably relied upon the false representation and (vi) sustained damages as the proximate result of the misrepresentations. *In re Landen,* 95 B.R. 826 (Bkrtcy.M.D.Fla.1989); *In re Cochran,* 90 B.R. 523 (Bkrtcy.M.D.Fla. 1988); *In re Young,* 90 B.R. 521 (Bkrtcy.M. D.Fla.1988); *In re Hammett,* 49 B.R. 533, 534 (Bkrtcy.M.D.Fla.1985).

 Other courts have faced similar factual situations and concluded that the issuance of a worthless check does not, in and of itself, give rise to a claim of nondischargeability. For example, in *In re Barnacle,* 44 B.R. 50, 53 (Bkrtcy.D.Minn.1984), the Court held that the issuance of a nonsufficient funds check is not conclusive evidence of fraud. Even if the defendant knew the checks were not backed by sufficient funds when written, "it does not demonstrate that [the defendant] had any intent to permanently deprive plaintiff of the value of its products by giving checks which would be worthless when presented for payment." *In re Burgstaler,* 58 B.R. 508, 514 (Bkrtcy.D.Minn.1986); *See also, Matter of Anson,* 9 B.R. 741, 744 (Bkrtcy. W.D.Mo.1981) (issuance of an insufficient funds check with knowledge of the insufficiency of funds on deposit does not give rise to a nondischargeable liability).

In this case, defendant testified that Sims was experiencing severe cash flow problems in January, 1987. Nevertheless, defendant was reasonably confident that sufficient funds would be on hand when the second check was presented for payment. It was not until after the check was dishonored that he learned otherwise. Accordingly, the Court finds that defendant lacked the specific intent to deprive plaintiff of its goods.

 The element of reliance is also missing in this case. Mrs. Koop, plaintiff's credit manager, testified that defendant promised to replace the non-sufficient funds check when it was dishonored. However, this promise was made after the goods were delivered and was not the basis of the extension of credit. There can be no reliance on such representations.

 Finally, the Court must address plaintiff's § 523(a)(4) argument. Section 523(a)(4) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

Plaintiff suggests that defendant, as an officer and director of Sims, owed a fiduciary duty to the creditors of the corporation to insure that their debts are paid. While it is true that an officer of a corporation has an obligation to act in a responsible manner towards the creditors, this responsibility does not rise to the level of an independent fiduciary relationship contemplated by § 523(a)(4). This being the case, and there being no showing of any relationship other than that set forth herein, the plaintiff fails to state a claim for relief under § 523(a)(4).

The Court will, by separate order, enter final judgment in favor of the defendant.

## FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is ORDERED as follows:

1. Final Judgment is entered in favor of the defendant, Suman Nayee, and against the plaintiff, Krug, Inc.

2. The debt owed by defendant to plaintiff is covered by the bankruptcy discharge and plaintiff is permanently enjoined from enforcing this indebtedness.

3. This adversary proceeding is DISMISSED.