In re James J. CRAVEY, aka/dba Cravey Farms, Brenda C. Cravey, Debtors.

Ward E. SMITH and Margaret M. Smith, Plaintiffs,

v.

James J. CRAVEY and Brenda C. Cravey, Defendants.

Bankruptcy No. 87-2896-BKC-S12. Adv. Nos. 89-25, 88-192.

United States Bankruptcy Court, M.D. Florida.

Sept. 29, 1989.

W. Gregg McCaulie, Jacksonville, Fla., for plaintiffs.

A. Jeffrey Tomassetti, Fernandina Beach, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

The plaintiffs, Ward E. Smith and Margaret M. Smith, filed this adversary proceeding to determine the dischargeability of a debt against the defendants, James J. Cravey and Brenda C. Cravey, pursuant to 11 U.S.C. § 523(a)(2)(A). This proceeding originated in the United States Bankruptcy Court for the Western District of Louisiana, and was subsequently transferred to this Court. A trial was held on June 29, 1989, and upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The parties entered into an agreement for the purchase of five acres of real property hereinafter described in Nassau County, Florida, for $26,150.00 on June 28, 1984:

A parcel of land together with a 60 foot easement for ingress, egress and utility purposes, said easement being 60 feet wide as measured at right angles, 30 feet on each side of the following described centerline, all lying and being in Section 3, Township 1 North, Range 25 East, Nassau County, Florida, said easement centerline being more particularly described as commencing at a concrete monument at the most Northerly corner of Lot 38, Pine Knoll, as recorded in Plat Book 4, Page 5, of the Public Records of said County.

2. The plaintiffs paid the defendants $6,150 as a down payment, and the parties executed an Agreement for Deed providing for payment of $20,000 over a period of twenty years at the rate of 12 percent interest per annum. The monthly payments under the Agreement for Deed prepared by the defendants called for $222.22 per month (they miscalculated the payment, and the correct figure is $220.22), beginning July 27, 1984.

3. Prior to the execution of the Agreement for Deed, the plaintiffs informed the defendants that they intended to live in a mobile home on the property until they finished construction of a log cabin. They also told them that family members would reside on the property with them. The defendants advised the plaintiffs that they could put one dwelling per acre on the property, and that there were no other restrictions except that it could not be used as a junkyard.

4. Prior to this transaction the plaintiffs had never purchased real estate in Florida, and their only real estate experience was the purchase of a residence in Tennessee in 1978.

5. The defendants held themselves out as real estate developers in Nassau County for approximately twenty years prior to the sale to the plaintiffs. The defendants were informed about Nassau County's zoning rules and ordinances.

6. The defendants professed substantial business acumen and held themselves out

as being knowledgeable in matters of real estate. They prepared the documents necessary to close the sale of the property. The plaintiffs, on the other hand, were substantially lacking in any experience or knowledge concerning the purchase of real property.

7. The plaintiffs reasonably relied upon the representations of defendants that there were no restrictions relating to the purchase or use of this property in Nassau County except those dealing with house per acre and restrictions as to use as a junkyard.

8. On April 19, 1985, the defendants conveyed a partial interest in the same property to Credithrift of America, Inc., which allowed it the right to collect 84 of the monthly payments, beginning April 27, 1985. In consideration for the assignment of these 84 payments, Credithrift of America, Inc., paid the defendants $9,874.98.

9. In July of 1985, the plaintiffs applied to Nassau County for various permits to begin construction of their residence. At that time, they were advised of the following: (1) the property was considered a subdivision; (2) the defendants were considered subdividers by virtue of their prior development of land in Nassau County; and (3) due to this status, the portion of the Lee Road Extension fronting the property sold by the defendants to the plaintiffs had to be paved before permits would be granted.

10. In October of 1983, the adjacent property to that of the plaintiffs' was sold by the defendants to Jerry Milliken. At the time of that purchase defendants told Mr. Milliken to inform the county authorities that his property was located in the Pine Knoll Subdivision when he applied for building permits. Defendants prepared the paperwork for the Milliken's signatures, which included its designation as "Pine Knoll Subdivision." The lots sold to the plaintiffs and the Millikens are not in the Pine Knoll Subdivision. However as a result of the representations made by Mrs. Cravey and Mr. Milliken, the necessary permits were granted to the Millikens.

11. Prior to the sale of the property to the Millikens and the plaintiffs, Mrs. Cravey had been informed by the Nassau County engineer that she was considered a developer and would have to comply with the county requirements that any further development along the Lee Road Extension would require paving.

12. The evidence conclusively demonstrates that the defendants intended to sell the property to the plaintiffs while at the same time avoiding county requirements that such a subdivision necessitated the paving of the Lee Road Extension.

13. The representations by defendants concerning the use of the land were false. Such statements and nondisclosure of status of Mrs. Cravey as a developer, requiring the paving of the Lee Road Extension, together with these statements, were made with the purpose and intention of deceiving the plaintiffs.

14. As a result of their reliance on the representations of the defendants, the plaintiffs suffered a loss, in that they cannot now construct a residence on their property as they had desired to do when they purchased the property.

15. The plaintiffs filed suit against Credithrift in the Nassau County Circuit Court on June 17, 1986, amending the complaint to include the Craveys on June 22, 1987. That action was stayed upon the defendants filing a bankruptcy petition in the Western District of Louisiana.

## CONCLUSIONS OF LAW

11 U.S.C. § 523(a)(2)(A) provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt⸱

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In order to sustain an exception to discharge the plaintiff must prove: (i) that the defendant in fact made the representations; (ii) that he knew at the time he made them that they were false; (iii) that he made them with the intention of deceiving the creditor; (iv) that the creditor relied upon those representations; and (v) that the creditor sustained the alleged loss and damage as the proximate result of those representations. *In re Young (McKee v. Young),* 90 B.R. 521, 522 (Bankr.M.D.Fla. 1988); *In re Hammett,* 49 B.R. 533, 534 (Bankr.M.D.Fla.1985).

The misrepresentation and nondisclosure of material facts, coupled with the their deceptive conduct with the Millikens, county authorities and plaintiffs, establishes the fraudulent intent of the defendants, under the totality of the circumstances. *In re Gans,* 75 B.R. 474, 486 (Bankr.S.D.N.Y. 1987).

But for the misrepresentation and nondisclosure of material facts, the plaintiffs would have been on notice that substantial additional expense would be necessary in order to build their home. The plaintiffs reasonably relied upon the representations of the defendants and have suffered damages. The judgment issued by the Nassau County Circuit Court concerning the sale of this property by the defendants to the plaintiffs is an exception from discharge pursuant to Bankruptcy Code 11 U.S.C. § 523(a)(2)(A).

A separate Final Judgment will be entered by this Court consistent with these Findings and Conclusions.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is ORDERED as follows:

1. Final judgment is entered in favor of the plaintiffs, Ward E. Smith and Margaret M. Smith, and against the defendants, James J. Cravey and Brenda C. Cravey.

2. Pursuant to 11 U.S.C. § 523(a)(2)(A) any judgment issued by the Nassau County, Florida, Circuit Court concerning the sale of property hereinafter described from the defendants to the plaintiffs is excepted from the defendants' discharge:

A parcel of land together with a 60 foot easement for ingress, egress and utility purposes, said easement being 60 feet wide as measured at right angles, 30 feet on each side of the following described centerline, all lying and being in Section 3, Township 1 North, Range 25 East, Nassau County, Florida, said easement centerline being more particularly described as commencing at a concrete monument at the most Northerly corner of Lot 38, Pine Knoll, as recorded in Plat Book 4, Page 5, of the Public Records of said County.

3. The automatic stay of 11 U.S.C. § 362 is modified to permit the State Court to deal with the pending litigation.