In re Lawrence E. LYMAN, Debtor.

**Arthur S. WEITZER, as Liquidating Trustee for Alchar Hardware Company and Knight & Wall Co., Inc., Plaintiff,**

v.

**Lawrence E. LYMAN, Defendant.**

**Bankruptcy No. 88–2544–BKC–3P7.**
**Adv. No. 89–11.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 22, 1990.

Arthur S. Weitzer, Miami, Fla., liquidating trustee.

James Fischette, Jacksonville, Fla., for plaintiff.

Lawrence E. Lyman, Nobleton, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

The plaintiff filed this adversary proceeding seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(2). A trial was held on January 10, 1990, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff is the liquidating trustee of the Chapter 11 estates of Alchar Hardware Co. and Knight & Wall Co., Inc., previously pending in the United States Bankruptcy Court for the Southern District of Florida. The defendant is the former president of Fir, Inc.

This controversy originated in the U.S. Bankruptcy Court of the Southern District of Florida, when plaintiff sought to sell real property of his estate to Fir, Inc. The agreed purchase price was $1,995,000, with an earnest money deposit of $50,000. The defendant tendered a personal check for the deposit which was returned by the bank for insufficient funds. The right to purchase was subsequently assigned to Elias J. Hakim, Jr., who deposited $25,000. However, this transaction was not consummated.

An adversary proceeding was instituted in the U.S. Bankruptcy Court for the Southern District of Florida by the trustee against Hakim, Fir, Inc., and the defendant, seeking to enforce a liquidated damages clause in the amount of $50,000.

That trial resulted in a judgment in favor of Hakim, Fir, Inc., and the defendant, finding that there were no damages due under the damages clause.

An appeal was taken to the District Court for the Southern District of Florida and the bankruptcy court judgment was affirmed.

An appeal was then taken to the Eleventh Circuit Court of Appeals, which reversed and remanded on the trustee's entitlement to damages under the liquidated damages clause. *In re Alchar Hardware Co, Inc. (Tavormina v. Fir, Inc., et al.)*, 764 F.2d 1530 (11th Cir.1985).

The U.S. Bankruptcy Court of the Southern District of Florida then entered a "Judgment in Accordance with Order of Remand" on December 6, 1985, holding Fir, Inc. and the defendant to be jointly and severally liable to the trustee for $50,000.

The defendant filed for relief in the U.S. Bankruptcy Court for the Middle District of Florida on October 27, 1988.

The liquidating trustee files this adversary proceeding seeking to except the debt from discharge.

## CONCLUSIONS OF LAW

The plaintiff is seeking relief pursuant to 11 U.S.C. § 523(a)(2), which provides in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.  .  .  .  .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

In order to sustain an exception to discharge the plaintiff must prove: (i) that the defendant in fact made the representations; (ii) that he knew at the time he made them that they were false; (iii) that he made them with the intention of deceiving the creditor; (iv) that the creditor relied upon those representations; and (v) that the creditor sustained the loss and damage as the proximate result of those representations. *In re Cravey (Smith v. Cravey),* 105 B.R. 700, 703 (Bankr.M.D.Fla.1989); *In re Young (McKee v. Young),* 90 B.R. 521, 522 (Bankr.M.D.Fla.1988); *In re Hammett,* 49 B.R. 533, 534 (Bankr.M.D.Fla.1985).

The evidence is undisputed that the defendant gave the plaintiff a personal check for $50,000, and that check was dishonored. It is also undisputed that the contract contained a liquidated damages clause calling for the payment of $50,000 upon breach. The issue before the Court then is whether defendant had any intention to deceive plaintiff in dealing with the real estate.

■ In order to promote the "fresh start" concept, exceptions to discharge pursuant to § 523 of the Bankruptcy Code are narrowly construed against the creditor and in favor of the debtor. *In re Beckett,* 96 B.R. 366, 368 (Bankr.M.D.Fla.1989) citing *Matter of Cross,* 666 F.2d 873, 879–880 (5th Cir.1982).

■ This Court, facing a similar factual situation, concluded that the issuance of a worthless check does not, in and of itself, give rise to a claim of nondischargeability. *In re Nayee (Krug, Inc. v. Nayee),* 99 B.R. 90 (Bankr.M.D.Fla.1989).

The fact that the debtor knew the check was not supported by sufficient funds when written does not demonstrate that [the debtor] had any intent to permanently deprive the creditor of the value of its products by giving a check which would be worthless when presented for payment. *Nayee* at 92; *In re Burgstaler,* 58 B.R. 508, 514 (Bankr.D.Minn.1986); *see also, Matter of Anson,* 9 B.R. 741, 744 (Bankr. W.D.Mo.1981). Such is the case before the Court at present. No evidence was presented at trial to indicate that defendant sought to permanently deprive plaintiff of real estate through the tendering of the worthless check.

It is clearly the law that the party seeking to except a debt from discharge must prove the case by clear and convincing evidence. *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988); *In re Garner,* 881 F.2d 579, 581 (8th Cir.1989).

The plaintiff has not met his burden of proof in charging that the defendant obtained property through "false pretenses, a false representation, or actual fraud."

There also has been no finding by any court previously involved in this case that the defendant obtained property through "false pretenses, a false representation, or actual fraud."

This Court expressly finds that the evidence presented at trial does not demonstrate that the defendant made any representations with the intention of deceiving the plaintiff.

This Court, like the other courts previously involved, finds this case to be one of a contractual dispute involving a liquidated damages clause. There is no evidence of deceit or fraud which would support an exception to discharge.

The Court will, by separate order, enter final judgment in favor of the defendant.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED as follows:

1. Judgment is entered in favor of defendant, Lawrence E. Lyman, and against plaintiff, Arthur S. Weitzer, as Liquidating

Trustee for Alchar Hardware Company and Knight & Wall Co., Inc.

2. Debt owed by defendant to plaintiff based on judgment of United States Bankruptcy Court, Southern District of Florida, dated December 6, 1985, is discharged and plaintiff is permanently enjoined from further enforcement.

3. Each side will bear its own fees and costs.