In re John M. PODZAMSKY, Debtor.

SUNBANK/NORTH FLORIDA
NATIONAL ASSOCIATION,
Plaintiff,

v.

John M. PODZAMSKY, Defendant.

Bankruptcy No. 90–72–BKC–3P7.
Adv. No. 90–190.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 30, 1992.

Ronald Bergwerk, Jacksonville, Fla., for defendant.

Calvin E. Hayden, Jacksonville, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of Sunbank/North Florida National Association seeking to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2). A trial was held on March 11, 1992. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

In late 1987 and early 1988, defendant negotiated for the purchase of the former Strickland's restaurant in Mayport, Florida. In connection with the sale, defendant obtained financing from plaintiff as evidenced by two promissory notes.

The first note was for $140,000.00 and the proceeds were to be used to purchase restaurant equipment. The second note was for $100,000.00 and was a line of credit.

Both notes were signed on February 17, 1988, by defendant as president of Baymeadows Restaurants, Inc. ("BRI") and were personally guaranteed by defendant and secured by the restaurant equipment.

On February 23, 1988, plaintiff filed a financing statement with the State of Florida naming BRI as the debtor and covering the restaurant equipment pledged as security for the two notes.

Although the notes list BRI as the borrower, the credit authorization sheet and the loan proposal both indicate that defendant would be the borrower. The credit authorization sheet notes that at the time defendant had $200,000.00 on deposit with plaintiff and had a net worth of approximately $2,500,000.00. It also contains a positive assessment of defendant's finan-

cial strength, stating "This loan will be made to John as an individual and all his personal assets will easily support this level of debt."

Defendant purchased the restaurant equipment on February 19, 1988. The purchase was in defendant's name, individually, and not in the name of the corporation, as contemplated by the promissory notes and security agreement.

Defendant testified that such change was made at the insistence of the sellers. He stated that in order to protect plaintiff's interest in the collateral the following provision was placed in the lease:

So long as Tenant is not in default under this Lease, Landlord will subordinate its security interest in the fixtures, equipment, and personal property of Tenant in favor of a security interest granted by Tenant to an institutional lender to secure a loan to the Tenant, the proceeds of which are used in the Tenant's business located on the property.

On February 26, 1988, Mayport Riverview Associates filed a financing statement with the State of Florida naming defendant as the debtor and covering the same restaurant equipment as contained in plaintiff's financing statement.

After the purchase, defendant treated the equipment as owned by the corporation, rather than belonging to him. Depreciation for tax purposes was taken by the corporation and not by defendant. The property was taxed to the corporation. When the Internal Revenue Service sought to levy on the restaurant for non-payment of withholding taxes, the equipment was listed as an asset of the corporation.

As of the date of the trial $89,444.43 was still owed on the first note and $100,000.00 was outstanding on the second note. Thus, the total amount owed was $189,444.43.

The replacement value of the equipment relied upon by plaintiff at the time defendant signed the promissory notes was $284,000.00 and, as of the date of the trial, the value was established at $36,000.00.

The issue before the Court is whether the funds loaned under the two promissory notes were obtained by defendant through false pretenses, false representations, or fraud.

### Conclusions of Law

Section 523 of the Bankruptcy Code provides the circumstances under which a particular debt will be excepted from a debtor's discharge. Subsection (a)(2) deals with money or credit obtained through fraudulent conduct and reads in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

.     .     .     .     .

(A) false pretenses, a false representation, or actual fraud....

To succeed on a claim under this section, a creditor must prove the following:

(1) the debtor made a false representation with the purpose and intention of deceiving the creditor;

(2) the creditor relied on such representation;

(3) the reliance was reasonably founded; and

(4) the creditor sustained a loss as a result of the representation.

*In re Graham,* 122 B.R. 447, 450 (Bankr. M.D.Fla.1990); *In re Young,* 90 B.R. 521, 522 (Bankr.M.D.Fla.1988); *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). The party claiming the exception to discharge has the burden of proving each of the elements by a preponderance of the evidence. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In the instant case, defendant represented to plaintiff that the equipment pledged as collateral was to be purchased by the corporation, BRI. Although the representation did not later prove true, the evidence is insufficient to conclude that it was false when made.

In addition, proof of an intent to deceive on the part of the defendant is lacking. At the closing, defendant purchased the equip-

ment individually upon the insistence of the sellers. Although an intent to deceive can be inferred from the circumstances, *In re Rechichi*, 105 B.R. 726 (Bankr.S.D.Fla. 1989), the situation at issue is inadequate to support such a conclusion. The plaintiff has failed to prove that when the loans were made defendant intended to purchase the equipment individually, rather than on behalf of the corporation.

Plaintiff has also failed to prove that it relied on the fact that the corporation was to own the equipment. The credit authorization sheet and the loan proposal indicate that the loans were made primarily on the strength of defendant's personal finances. The security interest in the equipment was incidental to the transaction.

Having failed to meet its burden on the falsity of the representation, the intent to deceive, and reliance on the representation, plaintiff has not fulfilled the requirements of § 523(a)(2)(A). Consequently, the debt of $189,444.43 owed by defendant to plaintiff is covered by defendant's discharge.

A separate Judgment finding in favor of defendant and against plaintiff will be entered.

### JUDGMENT

Upon the Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. Judgment is entered in favor of the defendant, John M. Podzamsky, and against the plaintiff, Sunbank/North Florida National Association.

2. The requirements of 11 U.S.C. § 523(a)(2)(A) have not been met, and the debt of $189,444.43 owed by defendant to plaintiff is covered by defendant's discharge.