**In re Margaret GROPP d/b/a Sand & Surf Contractors, Debtor.**

**James WILSON and Lucille Wilson, Plaintiffs,**

v.

**Margaret GROPP d/b/a Sand & Surf Contractors, Defendant.**

**Bankruptcy No. 91–08392–9P7. Adv. No. 91–562.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 7, 1993.

Robert C. Hill, Ft. Myers, FL, for plaintiffs.

Alfred E. Johnson, Ft. Myers, FL, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of a debt claimed to be due and owing by Margaret Gropp, d/b/a Sand & Surf Contractors (Debtor) to James and Lucille Wilson (Plaintiffs). The Plaintiffs' claim of nondischargeability is brought in a one count Complaint and it is based on § 523(a)(4) of the Bankruptcy Code.

It is the contention of the Plaintiffs that the Debtor is indebted to them in the amount of $8,789.40; that this debt was incurred when the Debtor failed to make payments to subcontractors, materialmen and laborers; that a fiduciary relationship existed between the Debtor and the Plaintiffs; that these actions of the Debtor in failing to apply contract payments to the amounts due subcontractors, materialmen and laborers amounted to fraud or defalcation while acting in a fiduciary capacity. The Debtor filed a Motion for Summary Judgment which is addressed to the limited issue of whether or not there was a fiduciary relationship between the Debtor and the Plaintiffs as a matter of law. The controlling facts governing this threshold question, as established by the record, are as follows:

At the relevant time, Debtor was one of two partners in the partnership Sand & Surf Contractors (Sand & Surf). Sand & Surf was engaged by the Plaintiffs to construct a family room and build a master bath addition to the Plaintiffs' home located at 2610 Southwest 51st Street, Cape Coral, Florida. According to an unsigned document titled "Contract" dated August 8, 1990, Sand & Surf was to complete the work for the total sum of $28,000.00. Payments were to be made by the Plaintiffs in the following manner: 20% upon comple-

tion of concrete slabs; 20% upon erection of exterior walls; 20% when roof dried in; 20% when exterior complete; 10% when dry wall installed; and the final 10% upon completion. Notations on the Contract indicated that Plaintiffs made four payments of $5,600.00 each, totalling $22,400.00. There is no indication that the final 20%, or $5,600.00, was ever paid. In any event, Plaintiffs made payments to Sand & Surf for the work performed, with the exception of the last payment of $5,600.00, yet the subcontractors, materialmen and laborers were not paid. This controversy centers around the failure of the Debtor to pay the laborers and materialmen, which the Plaintiffs paid, and now claim is owed to them by Sand & Surf in the amount of $8,789.40. As noted earlier, the Contract was not signed by either party.

Plaintiffs claim that by virtue of Fla. Stat. § 713.345(1)(a), a fiduciary relationship exists between the homeowner and a building contractor. According to the Plaintiffs, if the contractor failed to make payments to the subcontractors, materialmen and laborers, the Statute compels the conclusion that the contractor is guilty of defalcation while acting in a fiduciary capacity. From this it follows that the debt owed by the contractor to the homeowner should be excepted from the overall provisions of a general discharge by virtue of § 523(a)(4) of the Bankruptcy Code.

Section 523(a)(4) of the Bankruptcy Code provides in pertinent part:

(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

It is clear that § 523(a)(4) requires the defalcation to have occurred while the Debtor was acting in a fiduciary capacity in order for the debt to be non-dischargeable. In support of her Motion, the Debtor argues that no fiduciary relationship existed between her and the Plaintiffs.

The Plaintiffs rely on Fla.Stat. § 713.345(1)(a), which is entitled "Monies

received for real property improvements; penalty for misuse," to establish the fiduciary relationship between themselves and the Debtor. Fla.Stat. § 713.345(1)(a) provides, in pertinent part:

(1)(a) A person, firm, or corporation, or an agent, officer, or employee thereof, who receives any payment on account of improving real property must apply such portion of any payment to the payment of all amounts then due and owing for services and labor which were performed on, or materials which were furnished for, such improvement prior to receipt of the payment. This paragraph does not prevent any person from withholding any payment, or any part of a payment, in accordance with the terms of a contract for services, labor, or materials, or pursuant to a bona fide dispute regarding the amount due, if any, for such services, labor, or materials.

This Statute makes it a crime to misapply funds obtained for the purpose of improving the real property. The Statute is devoid of any provision which creates a fiduciary relationship between the owner of the real property and the contractor.

■ This issue of whether or not a building contractor occupies a fiduciary position vis-a-vis the owner of the property whose property is either to be constructed or improved is an issue which has been extensively litigated in the past. In the seminal case dealing with this issue, *In re Angelle*, 610 F.2d 1335 (5th Cir.1980), Chief Judge Brown, speaking for the Court, held:

It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford J., "the language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created."

*Id.*, at 1338, quoting *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 154, 79 L.Ed. 393, 397-98 (1934).

This Court has frequently been called upon to consider a claim that the contractor misapplied construction funds and did not pay materialmen and subcontractors owed a fiduciary duty to the owner and violated that duty by not applying the funds for which they were intended and has repeatedly held that the statute did not create a fiduciary relationship. *See, Matter of Lambillotte*, 17 B.R. 256 (Bankr.M.D.Fla. 1982); *In re Beckett*, 96 B.R. 366 (Bankr. M.D.Fla.1989).

Based on the foregoing, since this Court is satisfied that there was no fiduciary relationship between Sand & Surf and the Plaintiffs, it is unnecessary to consider whether or not the Debtor was indebted to the Plaintiffs. Having concluded that there are no genuine material facts in issue and the Debtor is entitled as a matter of law to the entry of Judgment in her favor, the Motion for Summary Judgment should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor is hereby granted, and any debt due and owing by the Debtor to James and Lucille Wilson is determined to be dischargeable.