In re Russell Dean JOHNSON, Debtor.

**AMERICAN FAMILY FINANCIAL SERVICES, INC., Plaintiff,**

v.

**Russell Dean JOHNSON, Defendant.**

Bankruptcy No. 3–93–2574.
Adv. No. 3–93–203.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 22, 1994.

Dennis J. Holisak, Edina, MN, for debtor/defendant.

D.H. Seel, Bloomington, MN, for plaintiff.

## ORDER

DENNIS D. O'BRIEN, Chief Judge.

This dischargeability proceeding came on for trial on April 4, 1994. Appearances are noted in the record. The Court, having heard and received all relevant testimony and other evidence, and having heard arguments and reviewed briefs of the parties, and being fully advised in the matter, now makes this **Order** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

On September 17, 1991, Mr. Johnson, the Defendant, borrowed $8,235 from American Family Financial Services, Inc., the Plaintiff. The loan was secured by a 1987 pick-up truck owned by Mr. Johnson. By June 1992, the loan was in default with a balance owing of approximately $6,000. The truck was worth $8,000 at that time. American Family advised Mr. Johnson that the account must immediately be brought current or the vehicle surrendered. In response, Mr. Johnson delivered two *nsf* checks early in the summer. American Family retained a *repo* agent and went after the truck.

Mr. Johnson avoided repossession of the truck during the summer and into the fall, while continuing to assure American Family that payment would be forthcoming. Finally, on November 23, 1992, Mr. Johnson told the American Family employee in charge of the account that the truck had been sold and that payment would be made within a day. Payment was not made.

Several months later, on May 24, 1993, Mr. Johnson filed for relief under 11 U.S.C. Chapter 7. During pendency of the case, Mr. Johnson explained to American Family that, in November of 1992, he had delivered the truck to a Mr. Roy Doris for inclusion in a "package sale" of vehicles to a buyer somewhere in South America. Unfortunately, Mr. Doris had since died, and left no trace of the truck or the transaction. Mr. Johnson told American Family that he had no idea where the truck might be, and, worse yet, that he had never been paid for it. He said that he retained the title to the vehicle, though.

American Family was not satisfied with the explanation. The Plaintiff sued to have its debt in the amount of $7,382 determined nondischargeable under 11 U.S.C. § 523(a)(6), for willful and malicious conversion of its collateral.

### II.

11 U.S.C. § 523(a)(6) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Wrongful disposition of collateral can be nondischargeable conduct under the statute. See: *Universal Pontiac–Buick–GMC Truck Inc. v. Routson,* 160 B.R. 595 (Bank.D.Minn. 1993).

Mr. Johnson was clearly in default under his contract with American Family in the summer of 1992. The Plaintiff demanded surrender of the truck at that time unless payment was made. When payment was not forthcoming, American Family hired a *repo* agent to retrieve the vehicle. Mr. Johnson knew that the Plaintiff was attempting to take its collateral, and prevented repossession for several months while he still had control of it. Under the contract, the Defendant was obligated to "gather the collateral, and make it available for [American Family] to take possession" upon demand if in de-

fault. See: Exhibit 1, *Combination Disclosure Statement, Promissory Note and Security Agreement, par. 9.*

Mr. Johnson intentionally and wrongfully withheld the collateral from the Plaintiff, and subsequently made an unauthorized disposition of it. In doing so, the Defendant willfully destroyed American Family's interest in the truck. American Family had demanded its collateral, and Mr. Johnson was obligated to surrender the truck. He chose not to do so. Instead, Mr. Johnson deliberately made an unauthorized disposition of the vehicle, knowing and intending that the Plaintiff would be deprived of its right to possession and control over its liquidation.

Mr. Johnson offers the fact that he held onto the title of the vehicle as evidence of his good faith and his own victimization in the transaction. The offer is not persuasive. American Family's name appeared on the title as a secured party, and its signature would have to be forged for a new title to be issued free of American Family's interest. But title was evidently not important to disposition of the vehicle in South America. Regardless, Mr. Johnson cannot now escape the consequences of his wrongful disposition of the vehicle by insisting that he meant no harm to American Family's interest in the truck.

Conversion is willful and malicious, when transfers in breach of security agreements are in issue, where: "... the conduct is (1) headstrong and knowing ("willful") and, (2) targeted at the creditor ("malicious"), at least in the sense that the conduct is certain or almost certain to cause financial harm." *In re Long,* 774 F.2d 875, 881 (8th Cir.1985). *Addressing the financial harm element, this Court held in* Routson, *supra, that:*

> Loss to the creditor of the interest in the property converted, is, ordinarily, sufficient financial harm to make a willful conversion malicious. Ultimate failure to pay the secured debt is simply the ripening of the harm into a viable cause of action for fixed damages. The misconduct that results in nondischargeability is the incident of knowingly, intentionally and wrongfully destroying the interest converted, not the later failure to pay the underlying debt.... *Routson,* at 607.

The conversion here was both willful and malicious. The debt is nondischargeable and should be excepted from Mr. Johnson's general 11 U.S.C. § 727 discharge.

### III.

Based on the forgoing, it is hereby **ordered:** the debt of Russell Dean Johnson to American Family Financial Services, Inc. in the amount of $7,382 (as of April 4, 1994) is not discharged by the general discharge entered in the Defendant's Bankruptcy Case No. 3–93–2574, but the debt remains owing by the Defendant to the Plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**