

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DARIN A. MACK and DEBORAH L.<br>MACK,<br><div align="center">Debtors.</div> | BAP No. AZ-22-1140-LSF<br><br>Bk. No. 2:18-bk-09604-BKM<br><br>Adv. No. 2:18-ap-00454-BKM |
| EL DORADO LIQUIDATION<br>ASSOCIATES, LLC, successor by<br>assignment to Carter Unruh and Julie<br>Unruh,<br><div align="center">Appellant,</div><br>v.<br>DARIN A. MACK; DEBORAH L. MACK,<br><div align="center">Appellees.</div> | **MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Brenda K. Martin, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

El Dorado Liquidation Associates, LLC ("El Dorado") sought a

declaration that its claim against Debtors was nondischargeable based on

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

embezzlement under § 523(a)(4).[1] The bankruptcy court dismissed the complaint for failure to state a claim upon which relief may be granted under Civil Rule 12(b)(6) (applicable via Rule 7012). We AFFIRM.

## FACTS

### A.     Pre-Petition Events

Carter and Julie Unruh made two loans totaling $140,000 to a retail archery business, Absolute Archery LLC ("Archery"), in 2013 and 2014. Archery provided a lien on its inventory as collateral, and Debtors, Archery's owners, personally guaranteed these obligations. The notes provided that Archery would be in default if any disposition of inventory resulted in a total inventory value of less than $150,000.

Archery provided to the Unruhs monthly financial statements that indicated it was maintaining the agreed amount of inventory, but it stopped doing so after December 2015. The December 2015 financial statements indicated that Archery had $205,687 of inventory on hand. Archery ceased its business operations around March 2016. Debtors offered Archery's inventory as partial payment on the notes and proposed a coordinated settlement plan for repayment of the remainder of the debt owed to the Unruhs. In these conversations, Debtors allegedly represented that the remaining inventory had a cost value of $97,509, based on figures

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

from Archery's point of sale perpetual inventory system. The Unruhs accepted the turnover of collateral but later determined that it had a cost value of only $60,932.44.

The Unruhs then demanded payment in full of the notes' balances and asserted fraud based, at least partially, on the approximately $35,000 discrepancy in the cost value of the surrendered inventory. Their demand letter requested $123,400 for money due on contract and other theories. They filed a complaint against Debtors and Archery in the El Dorado, California Superior Court, asserting several claims, including breach of contract, fraud, money had and received, conversion, unfair business practices, and negligent misrepresentation. The state court entered a default judgment against Debtors and Archery for $150,616.30. The default judgment included no findings and made no attempt to specify which causes of action formed the basis for the award of damages, attorneys' fees, and interest.

B.    Bankruptcy Events

Debtors filed their chapter 7 case in August 2018. The Unruhs filed an adversary complaint to except the default judgment from discharge under § 523(a)(2)(A) and (B) and promptly moved for summary judgment based on its alleged issue preclusive effect. The bankruptcy court granted summary judgment for the Unruhs. Debtors appealed that ruling, and this Panel reversed and remanded because the state court record was insufficient to warrant issue preclusion. Specifically, the Panel held that the

"actually litigated" and "necessarily decided" elements were not met, and the bankruptcy court had not analyzed the public policy prong of the issue preclusion analysis. *Mack v. Unruh (In re Mack)*, BAP No. AZ-20-1034-TLB, 2020 WL 4371887 (9th Cir. BAP Jul. 29, 2020).

On remand, the bankruptcy court granted in part the Unruhs' motion to amend their complaint. The amended complaint named El Dorado as plaintiff pursuant to the Unruhs' assignment of the state court judgment. It alleged claims under § 523(a)(2)(A), (a)(2)(B), and (a)(4). The Unruhs also sought to add a claim under § 523(a)(6). The bankruptcy court denied the addition of that claim on the ground that it was untimely because it did not relate back to the original complaint. El Dorado does not challenge that ruling in this appeal. The amended complaint alleged that Debtors executed the notes and personal guarantees with the intent to deceive the Unruhs by representing that they would maintain a minimum inventory of $150,000 and that the Debtors embezzled approximately $88,439 in mortgaged inventory.

Debtors moved to dismiss the § 523(a)(4) embezzlement claim, arguing that the Unruhs/El Dorado lacked standing to assert such a claim because the allegedly embezzled property was owned by Archery. The bankruptcy court granted the motion without leave to amend.[2]

---

[2] Although Debtors did not cite Civil Rule 12(b)(6) in their motion to dismiss, the bankruptcy court treated the motion as one brought under that rule.

Debtors then filed an answer to the amended complaint and a motion for summary judgment on the § 523(a)(2) claims, which the bankruptcy court granted. El Dorado timely appealed. Although its notice of appeal references and attaches the bankruptcy court's final order dismissing the adversary proceeding, El Dorado challenges only the dismissal of the § 523(a)(4) claim.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in dismissing the § 523(a)(4) nondischargeability claim with prejudice?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's decision to grant a motion to dismiss under Civil Rule 12(b)(6). *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 572 (9th Cir. BAP 2011). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

## DISCUSSION

As noted, only the dismissal of the § 523(a)(4) embezzlement claim is at issue in this appeal. In that context, El Dorado argues that the bankruptcy court erred in "overruling" the state court judgment and in

5

disregarding "binding California law" imposing criminal liability upon a party that sells mortgaged property without permission.

**A.    The bankruptcy court did not err in disregarding the state court judgment in dismissing the § 523(a)(4) embezzlement claim.**

This Panel reversed the bankruptcy court's judgment finding that the state court judgment was entitled to issue preclusive effect. *In re Mack*, 2020 WL 4371887, at *8. El Dorado mischaracterizes the Panel's holding as being based solely on the bankruptcy court's failure to consider the public policy prong of the issue preclusion analysis. We also held that the "actually litigated" and "necessarily decided" prongs of the analysis were not met. *Id.* at *6-8. Importantly, we concluded that the state court could have entered the default judgment without finding fraud, *id.* at 7, and thus the state court judgment could not be given issue preclusive effect with respect to a § 523(a)(2) claim. Our previous decision is now law of the case, and the matters we previously decided dispose of El Dorado's arguments that the state court default judgment established elements of its § 523(a)(4) claim.

**B.    The bankruptcy court did not err in granting Debtors' motion to dismiss the embezzlement claim under § 523(a)(4).**

**1.    Legal standard for motion to dismiss under Civil Rule 12(b)(6)**

In reviewing the bankruptcy court's decision on a motion to dismiss, we apply the same standards to Civil Rule 12(b)(6) motions that all federal courts are required to apply. *In re Belice*, 461 B.R. at 573. Under Civil Rule 12(b)(6), a trial court may dismiss a complaint for "failure to state a claim

6

upon which relief can be granted." To survive a Civil Rule 12(b)(6) dismissal motion, a complaint must present cognizable legal theories and sufficient factual allegations to support those theories. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

### 2.    Allegations

With respect to the embezzlement claim, the amended complaint alleged, "Plaintiff is informed and believes that . . . the defendants embezzled approximately $88,439 in mortgaged inventory . . . . They have never accounted for this missing inventory." It further alleged that because the inventory value exceeded $950 and was sold without the Unruhs' permission, the alleged embezzlement was a felony under California Penal Code § 538. Finally, the complaint alleged that Debtors' promise to maintain $150,000 of inventory was false when made but even if it were true, they did not follow through on that promise.

### 3.    El Dorado failed to state an embezzlement claim because the inventory at issue belonged to Archery.

Section 523(a)(4) prohibits discharge of a debt for "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Embezzlement in the context of nondischargeability has been defined as

"the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Transamerica Com. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991) (quoting *Moore v. United States*, 160 U.S. 268, 269 (1885)). To prove an embezzlement claim, the plaintiff must establish three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud." *Id.* (cleaned up). The Supreme Court has clarified that the final element requires a showing of wrongful intent. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013).

El Dorado did not include in its excerpts of record the transcript of the hearing at which the bankruptcy court announced its ruling dismissing the embezzlement claim, so we do not know the bankruptcy court's reasoning. But "[w]e may affirm on any basis supported by the record." *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l Ass'n (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012) (citation omitted).

A plaintiff asserting an embezzlement claim under § 523(a)(4) must establish that the property at issue belonged to the plaintiff. *Zamani v. Razavi (In re Razavi)*, 539 B.R. 574, 600 (Bankr. N.D. Cal. 2015); *Hulsing Hotels Tenn., Inc. v. Steffner (In re Steffner)*, 479 B.R. 746, 766 (Bankr. E.D. Tenn. 2012); s*ee also Cody Farms, Inc. v. Deerman (In re Deerman)*, 482 B.R. 344, 375 (Bankr. D.N.M. 2012) (citing cases). Here, the inventory belonged to Archery. Although the Unruhs held a security interest in the inventory,

8

such an interest is insufficient to support an embezzlement claim under § 523(a)(4). *Mut. Mgmt. Servs., Inc. v. Fairgrieves (In re Fairgrieves)*, 426 B.R. 748, 756 (Bankr. N.D. Ill. 2010).

Debtors argued in the bankruptcy court that the Unruhs lacked standing to assert an embezzlement claim under § 523(a)(4), relying on *Zacharakis v. Melo (In re Melo)*, 558 B.R. 521, 550-55, 558-59 (Bankr. D. Mass. 2016). While some courts have characterized the issue as a lack of standing, and here the Unruhs arguably lacked standing to assert a § 523(a)(4) embezzlement claim, they (and their assignee) had standing to be heard in the bankruptcy court regarding the disposition of their claim and for a determination of dischargeability generally. Regardless of whether the issue is characterized as an inability to plead an essential element of a cause of action or lack of standing, the bankruptcy court did not err in dismissing the embezzlement claim with prejudice.

On appeal, El Dorado's only attempt to address this issue is to assert in its reply brief that its amended complaint alleged injury to the plaintiff. It did not. Nor does El Dorado address the elements required to prove embezzlement under § 523(a)(4). It argues that the bankruptcy court erred in dismissing the claim despite El Dorado "having proved the facts necessary to establish embezzlement, and thus exception to discharge, as a matter of California law." This argument, and additional assertions in El Dorado's brief, assume that the state court judgment was entitled to issue preclusive effect. As discussed above, that assumption is incorrect.

9

El Dorado goes on to assert that under California law it is the crime of larceny to sell mortgaged goods without the permission of the mortgagee, citing California Penal Code § 538.[3] But our focus is on the elements required to prove nondischargeability under federal bankruptcy law; the California criminal statute is irrelevant. El Dorado also argues that wrongful disposition of collateral can be nondischargeable as a conversion under § 523(a)(6), citing *American Family Financial Services, Inc. v. Johnson (In re Johnson)*, 166 B.R. 365, 366 (Bankr. D. Minn. 1994). But El Dorado's attempt to plead a cause of action under § 523(a)(6) was rejected by the bankruptcy court and not challenged on appeal; this argument is also irrelevant to the dismissal of the embezzlement claim.

## CONCLUSION

The bankruptcy court did not err in dismissing the § 523(a)(4) embezzlement claim with prejudice. We therefore AFFIRM.

---

[3] That statute provides, in relevant part:

Every person, who, after mortgaging any of the property permitted to be mortgaged by the provisions of Sections 9102 and 9109 of the Commercial Code, excepting locomotives, engines, rolling stock of a railroad, steamboat machinery in actual use, and vessels, during the existence of the mortgage, with intent to defraud the mortgagee, his or her representative or assigns, takes, drives, carries away, or otherwise removes or permits the taking, driving, or carrying away, or other removal of the mortgaged property, or any part thereof, from the county where it was situated when mortgaged, without the written consent of the mortgagee, or who sells, transfers, slaughters, destroys, or in any manner further encumbers the mortgaged property, or any part thereof, or causes it to be sold, transferred, slaughtered, destroyed, or further encumbered, is guilty of theft, and is punishable accordingly. . . .